(No. 22939.—
FRANK SHIPMAN, Appellee, *vs.* LEONA SHIPMAN, Appellant.

*Opinion filed June 14, 1935.*

WOLF & MARTIN, and OSCAR F. COCHRAN, (FRANK L. WOLF, of counsel,) for appellant.

FRANCIS W. PURVIS, (MERRILL F. WEHMHOFF, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant seeks reversal of that part of a decree of the circuit court of Moultrie county granting a divorce to appellee which requires appellant to convey to appellee her interest as joint tenant in certain real estate in the city of Sullivan. The decree for divorce also awarded her certain personal property. A freehold is involved.

These parties were married on April 20, 1932. On the 27th day of that month appellee purchased for the sum of $600 the real estate involved in this appeal. Title was taken in the name of the parties to this proceeding as joint tenants and not as tenants in common. The property was occupied

by them as a home. On December 26, 1932, appellant left appellee, and on February 3 following, the parties entered into a contract which recited that appellant contemplated filing a bill for divorce, and that in consideration of appellant returning to and living with appellee as his wife, appellee was to give to appellant a bill of sale of personal property, including an automobile and certain household furniture. He agreed also to pay her $400 and to pay $150 to attorneys in the case. By this agreement appellant also agreed to sign a warranty deed to the property to enable appellee to pay these sums. A bill of sale for the personal property was executed by appellee and delivered to appellant conveying the personal property included in the agreement of February 3. It does not appear that appellant ever signed a deed to the property. She returned to live with appellee on February 3 and remained with him until March 21 following, when she left him, taking with her the personal property described in the bill of sale.

The chancellor found that appellant willfully deserted appellee and that such desertion continued for more than a year. There is no complaint here of this finding.

The bill charges that the sole reason for taking title to the real estate in joint tenancy was appellant's refusal to live with appellee as his wife in the property unless the deed was so executed. The bill charges that such procurement on her part was fraudulent and under false representations of an intention to live with him as his wife, and alleges that she holds an interest in the property in trust for appellee. The bill prayed the dissolution of the marriage, return of the real estate and personal property, and for general relief. The answer denies fraud on the part of appellant and denies that the real estate was purchased by appellee in joint tenancy because of her refusal to live with him unless it was so purchased, but asserts that title to the property was so taken as the free and voluntary act of appellee. The answer also alleges acts of cruelty on

appellee's part, and avers that appellant refused to live with him because she was compelled to leave him on account of his misconduct toward her.

The chancellor entered a decree for divorce on the ground of desertion, and found that the contract of February 3 entered into between the parties was a fraud against appellee and was null and void. The decree, however, awarded to appellant the personal property covered by the bill of sale and directed that she quit-claim her right, title and interest in the real estate.

Appellant's counsel argue that the proof does not show that appellant holds title to an interest in the real estate as trustee. With this we agree. The evidence does not meet the requirements of the law to establish a trust. The chancellor, however, did not find that a trust had been created, but ordered the return of the real estate to appellee and awarded the personal property to appellant, evidently under the prayer for general relief and as an equitable division of the property. There is no complaint here of the finding of the chancellor that the contract of February 3 was fraudulently procured by appellant, the complaint here being based on the direction in the decree that appellant return to appellee the interest held by her as joint tenant in the real estate. Under section 17 of the act in relation to divorce (Cahill's Stat. 1933, chap. 40,) the chancellor is empowered, whenever it appears to the court that either party holds title to property equitably belonging to the other, to compel conveyance thereof to be made to the party entitled to the same on such terms as it shall deem equitable. That appellant willfully deserted appellee is not denied. That the purchase of the real estate for use as a home of the parties as husband and wife is asserted in both the bill and the answer. That this relationship was broken by appellant without good cause is shown by the uncontested finding of the chancellor of willful desertion on her part.

Appellant testified that appellee had been guilty of acts of cruelty toward her. This he denied. The record contains no corroboration of her testimony. On the other hand, evidence was offered, and not controverted, that her reputation for truth and veracity is bad. We are of the opinion, therefore, that under the statutory powers in divorce proceedings and under the evidence in this case the chancellor was justified in requiring the return to appellee of the interest in the real estate standing in the name of appellant.

The decree was right and is affirmed.

*Decree affirmed.*