Marie Ann Brevet (Now Marie Ann Custard), Appellant, v. Henri Brevet, Appellee.

Gen. No. 42,180.

Heard in the first division of this court for the first district at the April term, 1942. Opinion filed November 30, 1942. Rehearing denied December 14, 1942.

EDGAR J. COOK, of Chicago, for appellant.

LORD, BISSELL & KADYK, of Chicago, for appellee; L. DUNCAN LLOYD, of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Defendant, Henri Brevet, filed a petition asking the court to enforce its decree of divorce respecting set-

tlement of property rights between the parties. Plaintiff moved to dismiss the petition, which motion was denied; she elected to abide by her motion and an order was entered granting the relief prayed for, and from this she appeals.

The decree of divorce entered December 21, 1940, found that the parties had made a property settlement as shown by a written agreement, made a part of the decree. The agreement, among other things, provided that each of the parties should have, independently of the claim of the other party, all real property belonging to him or her and now in his or her possession, or .which may thereafter belong to him or her. Plaintiff also released her husband and his estate of any and all claims. Also it was agreed that each party should, upon request, execute to the other any instrument that the other party may reasonably require for the purpose of giving full force and effect to the provisions of the agreement.

The petition, filed by defendant on September 18, 1941, referred to the decree of divorce theretofore entered and the property agreement; asserted that prior to the time plaintiff had filed her complaint for divorce the petitioner had entered into a contract for the purchase of. certain real estate in the village of Golf, Cook county, Illinois; that the purchase price of this was $18,700; that petitioner made all payments, both of principal and interest as they fell due under the terms of the contract, making total payments of $4,400—the balance of the purchase price to be paid at the rate of $100 a month; that plaintiff at no time, either before or after the decree of divorce, paid or offered to pay any part of the purchase price of the real estate; that when the settlement agreement was made, petitioner, the defendant, was in possession of the real estate and plaintiff was not in possession of any part of it; that in the discussions between plaintiff and her counsel prior to entering into the agreement plaintiff stated she had no interest in this real

estate and did not want any part of it. The petition also recited the agreement whereby plaintiff became bound to deliver to the petitioner any instruments required under the terms of the agreement; that although requested to execute a quitclaim to the real estate, she has refused to do so and asserts that she claims an interest in the premises. The petition asked the court to find that plaintiff had no interest in the premises or in the contract for its purchase; that she may be adjudged guilty of contempt for her refusal to comply with the terms of the decree theretofore entered; that she be ordered to deliver to the petitioner an appropriate instrument conveying to the petitioner all her apparent interest in the premises, and upon her failure so to do a master in chancery be designated by the court to execute such an instrument. There was also a request that the petitioner be awarded all his costs and expenses incurred in the proceeding.

The court, after denying plaintiff's motion that the petition be dismissed and granting the petitioner the relief he sought, appointed a master in chancery to execute an instrument of conveyance of the real estate in the event of the refusal of plaintiff to execute and deliver such an instrument. It was also ordered that defendant recover from plaintiff his costs, taxed in the sum of $200.

Plaintiff appealing first argues that the superior court had no jurisdiction of the subject matter of the petition; that the court in such cases does not exercise general equity powers but merely those powers vested in it by the Divorce Act. Section 17 of the Divorce Act (Ill. Rev. Stat., ch. 40, par. 18 [Jones Ill. Stats. Ann. 109.185]) provides that when a divorce is granted and it apears that either party holds property equitably belonging to the other, the court may compel conveyance thereof be made to the party entitled to the same; also section 6, which provides that the process,

practice and proceedings under the Divorce Act shall be the same as in other civil cases except as otherwise provided. In *Welty v. Welty,* 195 Ill. 335, the court in speaking of these statutory provisions held that they gave the chancery court power to enforce the terms of its decree.

The court had jurisdiction on November 21, 1941, when the order appealed from was entered, to enforce its decree entered December 21, 1940. Cases cited by plaintiff, which hold that a decree of divorce becomes final after the term, or 30 days after its entry, have to do with the power of the court to modify or alter the terms of a decree after the expiration of the term time. Petitioner in this case did not ask for any modification of the terms of the divorce decree but merely asked that the terms of that decree be enforced. See *Totten v. Totten,* 299 Ill. 43, where it was held that a court of equity possesses power to control the manner of the execution of its decrees. See also *Bobowski v. Bobowski,* 242 Ill. 524, 529, 530; *Cohen v. Cohen,* 291 Ill. App. 39, 49; *Oglesby v. Pearce,* 68 Ill. 220. In *Tegtmeyer v. Tegtmeyer,* 292 Ill. App. 434, 443, this court said that if a court of chancery had no power to enforce its decrees ''obviously the court would be rendered impotent and we would have neither law nor order but everyone could do as he or she pleased. Of course, such a situation cannot be countenanced by the courts for a moment.'' Many other cases are to the same effect.

As above stated, the agreement between the parties settling their property rights was made a part of the divorce decree and thereby became merged in it. In *Adler v. Adler,* 373 Ill. 361, 369, it was held that when such an agreement is incorporated in the decree of divorce it becomes merged in the decree. To the same effect are *Maginnis v. Maginnis,* 323 Ill. 113, 118; *Herrick v. Herrick,* 319 Ill. 146. See also *Schaeppi v. Bartholomae,* 217 Ill. 105, 111.

The facts stated in the petition clearly entitled petitioner to a conveyance of the real estate described. By the motion to strike the petition plaintiff admitted that she had made no contribution to the purchase of the real estate; that all payments were made by the defendant, who was in possession of the property. It was therefore only equitable that the court should decree that the defendant should have this property independent of any alleged claim of plaintiff. Much the same question was presented in *Gilbert v. Gilbert,* 305 Ill. 216, 222, where it was held that if the wife or husband has property acquired solely in his or her own right and to which the other had not contributed, the court may determine that such party so contributing and in possession is entitled to the property. In *Shipman v. Shipman,* 360 Ill. 635, it was held that the chancellor was empowered in a divorce proceeding, whenever it appears that either party holds title to real estate equitably belonging to the other, to compel conveyance to such party.

When they were discussing the terms of settlement plaintiff disclaimed any interest in the real estate, saying that she preferred cash in settlement. The decree makes ample cash provisions for the support and maintenance of plaintiff. The court had jurisdiction of the petition and the order is in accord with the general principles of equity, and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.