## Birtie Recklein, Appellant, v. Alvin Recklein, Appellee.

### Term No. 4,502.

Heard in this court at the October term, 1945. Opinion filed January 7, 1946. Released for publication February 7, 1946.

McGLYNN & McGLYNN, of East St. Louis, for appellant; CHARLES M. WHEALON, of counsel.

GOLDENHERSH & GOLDENHERSH, of East St. Louis, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is an appeal from a decree of the circuit court of St. Clair county wherein an original decree for divorce was modified. The original decree for divorce was entered and filed on the 27th day of October 1944, wherein, Birtie Recklein, plaintiff appellant, who will be hereinafter called plaintiff was awarded a divorce from Alvin Recklein, defendant appellee, who will be hereinafter called defendant.

By the terms of the decree plaintiff was awarded defendant's interest in and to certain real estate which was in the name of the parties, as joint tenants, said award being in lieu of any and all alimony to which plaintiff might be entitled.

On the 15th day of March 1945, defendant filed a petition to modify the aforesaid decree, setting up as reason therefor that plaintiff and defendant had, prior to the divorce proceedings, entered into an agreement regarding the real estate.

Plaintiff filed a motion to dismiss the petition to modify, and after the court overruled said motion, the cause was heard before the court, and the court ordered the original decree modified to the extent that plaintiff quitclaim her interest in and to the real estate to defendant, upon the payment to her, by him, of the sum of $500, for said interest. Plaintiff prosecutes her appeal to this court and alleges as error relied upon for reversal that the lower court erred in entertaining and granting defendant's petition to modify decree since more than 30 days had elapsed since the

filing of the original decree and the court was without jurisdiction to entertain or grant said motion.

The record discloses that plaintiff filed suit for divorce, personal service was had upon defendant, he defaulted, and the cause was heard by the court as a default matter. Upon the hearing, or the petition to modify, defendant testified that after he was served with the summons, he went to the home of plaintiff and talked to her, and that it was then and there agreed that she was to take $500, for her interest in the property, for the raising of which amount defendant was to have 10 days, and that because of that agreement he did not appear and defend. Plaintiff testified that this proposition was discussed, but not agreed upon.

It is conceded by defendant that as a general proposition, a decree becomes final after the expiration of 30 days, but contends that the exception to this rule is that a court in chancery has jurisdiction at any time to correct a judgment obtained by fraud. To sustain this contention defendant relies largely upon the cases of *Nash v. Park Castles Apartment Bldg. Corp.,* 384 Ill. 68; and *Callner v. Greenberg,* 376 Ill. 212.

We do not believe that these cases are in point. In the former case, a receiver appointed in a tax receivership proceeding had filed a report and final accounting and it was shown that the report of the receiver was incomplete and inaccurate. The court held that if the report of the receiver was inaccurate and false, he had perpetrated a fraud on the court and would constitute sufficient grounds for vacating (not modifying, as in the instant case), the judgment, even after the term at which it was entered. The court held that the order approving the report was not a final order, which would oust the court of further jurisdiction. The court said, "We are satisfied, from the record, that the Circuit Court did not lose jurisdiction of the cause

by any orders entered. Such jurisdiction continued and will continue until the receivership matter is entirely closed . . . ." Both in this case, and in the *Callner* case, the only question relating to jurisdiction was whether or not a court may entertain a petition to vacate or set aside a decree for fraud, under the general equity powers of the court.

Courts of equity have no inherent powers in cases of divorce. The jurisdiction of courts of equity to hear and determine divorce cases, and all matters relating thereto, is conferred only by statute. *Smith v. Smith*, 334 Ill. 370. While such courts may exercise their powers within the limits of the jurisdiction conferred by the statute the jurisdiction depends upon the grant of the statute and not upon general equity powers. *Smith v. Smith, supra; Smith v. Johnson*, 321 Ill. 134. Section 18 of the Divorce Act [Ill. Rev. Stats. 1945, ch. 40, par. 19; Jones Ill. Stats. Ann. 109.186] does not enlarge the general equity powers of the court. It reserves a limited power to review alimony decrees. Being in the nature of a special power it will not be extended beyond its terms. It only authorizes the court to make "alterations" in the allowance of alimony "as shall appear reasonable and proper."

In the instant case it appears that there were no children born of the marriage, and no weekly, monthly or yearly allowance of alimony, which the court would be empowered to modify at any time according to the varying circumstances and needs of the parties. Where the decree of divorce awards a sum in gross for or in lieu of alimony, as was done herein, the decree will be regarded as final. *Maginnis v. Maginnis*, 323 Ill. 113. In the case of *Martin v. Martin*, 195 Ill. App. 32, at page 34, the court said: "No complaint is made as to the action of the last-mentioned chancellor in denying the motion to modify that portion of the decree in regard to alimony and solici-

tor's fees, and it is plain that the chancellor acted properly in that regard. Where the provision for alimony in the decree takes the form of a weekly, monthly or yearly allowance, the power is expressly reserved by the statute to modify such a provision of the decree at any time, according to the varying circumstances and needs of the parties, but in the present case the decree awarded a sum in gross for alimony and such a decree is final, and the chancellor before whom the motion to modify was made had no power to change the same, the term at which the decree was entered having gone by.''

We are constrained to hold that the trial court had no jurisdiction to entertain a petition to modify the decree in question, after the lapse of 30 days, and the cause will be reversed.

*Reversed.*

CULBERTSON and BARTLEY, JJ., concur.