DORIS M. BRICKEY, Plaintiff-Appellee, *v.* CLARENCE BRICKEY, Defendant-Appellant.

Fifth District   No. 76-271

Opinion filed December 23, 1976.

N. Y. Dowell, of Dowell & Dowell, of Mt. Vernon, for appellant.

Morris W. Kegley and A. Ben Mitchell, both of Craig & Craig, of Mt. Vernon, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff, Doris M. Brickey, was granted a divorce from defendant, Clarence Brickey, in a decree filed February 21, 1975. On May 28, 1975,

three months and some days later, the plaintiff filed a petition requesting the court to award to her the Federal and State income taxes withheld from her salary in 1974 which had been included in the joint income tax return filed by her and defendant for 1974. This return was signed by the plaintiff at the request of the defendant's bookkeeper on April 15, 1975, two months after the entry of the decree of divorce. The return indicated an overpayment of taxes which was to be credited to the 1975 estimated tax. Plaintiff's petition requested that the defendant be ordered to return to her that portion of the overpayment which could be attributed to taxes paid by her in 1974. A hearing on the petition was held March 9, 1976, and the defendant was ordered to pay to plaintiff $1,432.80. Defendant appeals from that order.

The decree expressly dealt with the following matters: granting of a divorce to plaintiff; dismissal of defendant's counterclaim; granting custody of minor child to plaintiff; child support; granting of title to the family car to plaintiff; granting of title to the marital home valued at $30,000 to plaintiff and assumption of the approximately $5,000 balance of an existing mortgage by plaintiff; granting of all interest in his business to defendant; and extinguishing of all other claims one party might have against the other growing out of the marital relationship.

The defendant contends that the decree was final, that all property rights were adjudicated and all subsequent claims of either party against the other were specifically extinguished by the decree and the plaintiff's petition should have been dismissed since it dealt with substantive matters no longer within the court's jurisdiction. The plaintiff, on the other hand, alleges that the instant petition and subsequent order thereon were concerned simply with enforcement of the decree and the order should therefore be affirmed.

■■■ Courts of equity have no inherent powers in divorce cases. The jurisdiction of courts of equity to hear and determine divorce cases, and all matters relating thereto, is conferred only by statute. While such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute and not upon general equity powers. (*Smith v. Smith*, 334 Ill. 370, 166 N.E. 85; *Recklein v. Recklein*, 327 Ill. App. 641, 64 N.E.2d 787.) The property rights created in a divorce decree become vested and after 30 days the court is without jurisdiction to modify them. (Ill. Rev. Stat. 1973, ch. 110, par. 50(5); *Jamal v. Jamal*, 98 Ill. App. 2d 180, 240 N.E.2d 246; *Bratkovich v. Bratkovich*, 34 Ill. App. 2d 122, 180 N.E.2d 716.) Section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, par. 19) does not enlarge the general equity powers of the court in divorce cases but it does confer a limited power to make orders touching alimony and maintenance of the parties and the custody, care and support of children. Being a power

specially conferred by statute, it cannot be extended beyond its terms to permit an alteration of the provisions of the decree relating to property rights. (*Recklein v. Recklein.*) However, a court does retain jurisdiction to enforce the terms of its original decree. *Jamal v. Jamal; Brevet v. Brevet,* 316 Ill. App. 406, 45 N.E.2d 199.

In view of the above the decision in this case must turn on the question of whether plaintiff is seeking enforcement or amendment of the original decree. In deciding this question we note that the plaintiff introduced into evidence at the divorce trial copies of her W-2 form for 1974 and examined the defendant at length on the joint income tax returns filed for 1972 and 1973. She was obviously aware of the amount which had been withheld from her income for 1974 taxes and was likewise aware that a joint return had been filed by herself and the plaintiff in previous years. Had she wished the court to adjudicate entitlement to these funds she had an opportunity to request that their disposition be addressed in the original decree. Further, her testimony at the hearing on the petition was that she voluntarily signed the joint return more than two months after the granting of the divorce. She could have filed an individual return if she so wished. The return which she signed clearly designated that the overpayment should be applied to 1975 estimated tax.

■■ The cases cited by plaintiff as authority for the proposition that this matter is one which involves the enforcement of a decree all deal with matters which are obviously within the area of enforcement such as execution of a deed to property granted in the decree, payment of alimony, or interpretation of a formula in the decree for determining the amount of child support. In the instant case it is far from clear to us that the plaintiff's petition related to enforcement of the previously entered decree. That decree is entirely silent with regard to apportionment of any income tax refund. It appears to us that the plaintiff is instead attempting to invoke the court's jurisdiction to adjudicate property rights upon which the final word has already been spoken. This she cannot do by a petition such as that in question here.

For the foregoing reasons the order of the circuit court requiring the defendant to pay to plaintiff the sum of $1,432.80 is reversed for lack of jurisdiction.

Reversed.

CARTER, P. J., and KARNS, J., concur.