(No. 51641

MARY R. WAGGONER, Appellant, v. JOHN R. WAGGONER, JR., Appellee.

*Opinion filed December 3, 1979.*

Wendell Durr, of Edwardsville, for appellant.

Donald E. Groshong, of Groshong and Moorman, Ltd., of East Alton, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

A decree for divorce was entered on February 23, 1977, in the circuit court of Madison County. Appended to the decree and made a part thereof was a property settlement agreement which specified that the plaintiff, Mary Waggoner, would "retain the residence of the parties, the motor vehicle and the furnishings, subject to the indebtednesses on said items ***." On May 31, 1977, the plaintiff filed a "motion for enforcement and finding of contempt" with the circuit court, requesting that the court order the defendant, John Waggoner, to remove a judgment lien which had been recorded against the residence

on December 8, 1976. That motion was denied on June 3, 1977. The plaintiff later filed both a motion to reconsider the prior motion and a "motion to clarify and in the alternative to amend and in the alternative to modify" the decree with the court. The defendant filed a motion to strike the plaintiff's motion to clarify, amend or modify the decree. After a hearing was held on July 22, 1977, the trial court denied the plaintiff's motions. The plaintiff appealed and the appellate court affirmed, with one justice dissenting. (66 Ill. App. 3d 901.) We granted the plaintiff's petition for leave to appeal. 65 Ill. 2d R. 315(a).

The parties to this divorce separated in October 1976. In November 1976 the defendant made a promissory note in favor of his parents for approximately $7,700. The underlying consideration for the note was $5,000 which the defendant's parents had given the couple to enable them to make a down payment on their residence, plus smaller loans of unspecified amounts. At the time the $5,000 was exchanged, defendant's parents wished to have a note signed by the plaintiff and defendant, but plaintiff refused, stating that it was a good-faith obligation and would be repaid. On December 8, 1976, the defendant's parents took judgment on the note, and recorded a memorandum of judgment with the recorder of deeds, thereby creating a lien on the residence of the parties. A divorce was granted on February 23, 1977. The property-settlement agreement, which was incorporated into the decree, was drafted by the plaintiff's attorney. It provided that the plaintiff would take title to the residence, a motor vehicle and furnishings, "subject to the indebtednesses" thereon. The defendant, with some recalcitrance, conveyed his interest in the residence to the plaintiff through a quit claim deed. The plaintiff alleged that she was not aware of the judgment lien at the time the decree was entered, and did not learn of it until she attempted to sell the residence in May 1977. After a title search revealed the judgment lien in the amount of $7,700, the sale was abandoned. The

plaintiff then moved the court to hold the defendant in contempt until he removed the judgment lien and a second-mortgage lien from the chain of title. The second mortgage had been given by the parties to secure a loan for $5,000 taken to purchase a fishing cabin in defendant's name only. Both parties acknowledged signing the second-mortgage agreement. The court initially denied the plaintiff's motion. That motion was renewed by means of a motion to reconsider. The plaintiff also filed a motion to clarify or amend the decree to read that the plaintiff was to take title to the residence subject only to the first mortgage. Alternatively, that motion sought to modify the decree to increase the child-support payments by $125 per month, the amount the plaintiff alleged she would be required to pay to extinguish the second mortgage on the residence. A request was not made to increase child support because of the judgment lien.

The first issue we consider is whether the trial court possessed subject matter jurisdiction even to entertain the motions herein. The final decree of a court of record in every civil case is a conclusive adjudication after the passage of 30 days from the date of its rendition. (Ill. Rev. Stat. 1975, ch. 110, par. 50(5); *Meyer v. Meyer* (1951), 409 Ill. 316, 319.) However, a court in a divorce proceeding retains jurisdiction for the purpose of enforcing its decrees. (*People ex rel. Kazubowski v. Ray* (1971), 48 Ill. 2d 413, 417.) Further, the jurisdiction invoked in the divorce proceeding will extend to a contempt proceeding as the appropriate procedure to enforce the provisions of the divorce decree. (*People ex rel. Kazubowski v. Ray* (1971), 48 Ill. 2d 413, 417, *cert. denied* (1971), 404 U.S. 818, 30 L. Ed. 2d 118, 92 S. Ct. 78; *Shaffner v. Shaffner* (1904), 212 Ill. 492, 496; *Taapken v. Taapken* (1976), 39 Ill. App. 3d 785, 787.) The plaintiff by her motion seeks to compel the defendant to remove the judgment lien and the second-mortgage lien from the chain of title. The decree did not provide that the defendant was to perform

these acts. Thus, the plaintiff does not seek to enforce the terms of the decree, but instead to engraft new obligations onto the decree. The effect would alter the substance of the decree. A contempt proceeding may not be used for that purpose. Therefore, the trial court was without jurisdiction to entertain the plaintiff's motion to hold the defendant in contempt, as well as the motion to reconsider that motion.

We also think no basis exists to establish jurisdiction to hear that portion of the plaintiff's motion to clarify or amend the decree. Section 17 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 18, repealed as of October 1, 1977, but in effect at the time the decree was entered in this matter) does not provide for clarification or amendment of the property rights of the parties subsequent to the entry of the decree. In *Craig v. Craig* (1973), 11 Ill. App. 3d 275, the plaintiff wife moved to modify the decree to require the defendant husband to make mortgage payments on the residence where plaintiff lived, but which was still held in joint tenancy. The trial court modified the decree to provide that any payments made by the plaintiff be credited to her equity in the property and that the portion of the mortgage payments that she paid or would pay should be deducted one-half from the defendant's net share in the event of a sale of the premises. The appellate court reversed, holding that the trial court lacked subject matter jurisdiction to modify the vested rights of the parties in their jointly owned real estate. The same principle applies here. Thus the trial court was in error even to consider the plaintiff's motion to clarify or amend the provisions of the decree relating to the liens on the residence. Accord, *Bratkovich v. Bratkovich* (1962), 34 Ill. App. 2d 122 (court without jurisdiction to vacate decree after 30 days, even though parties stipulated to order).

Finally, we consider whether that portion of the plaintiff's motion which sought to modify the award of child support was properly before the court. The plaintiff

alleged in her motion that she would require an additional $125 per month in child support to offset the payments she would be required to make to extinguish the second mortgage. The plaintiff also alleged that if the court did not relieve her of the obligation to pay the second mortgage, then the circumstances of the parties would be substantially changed from the time the decree was entered. While it is certainly true that the court possesses jurisdiction to modify a decree as to child-support payments (Ill. Rev. Stat. 1975, ch. 40, par. 19), it may only do so when conditions and circumstances of the parties have materially changed since the entry of the divorce decree. (*Nye v. Nye* (1952), 411 Ill. 408, 416; *Dixon v. Dixon* (1977), 45 Ill. App. 3d 934, 937.) In *Nye* this court refused to permit the trial court to modify a child-custody order, because the immoral relationship which was allegedly taking place between the parent who had custody and another person had been ongoing since before the entry of the decree. The court reasoned that since the decree is *res judicata* as to the facts which existed at the time it was entered but not as to facts arising thereafter, only new conditions warrant modification of a divorce decree. (*Nye v. Nye* (1951), 411 Ill. 408, 416; accord, *Nordstrom v. Nordstrom* (1976), 36 Ill. App. 3d 181, 185.) The plaintiff has not made any demonstration that circumstances have changed so as to warrant a modification of the child-support provisions of the decree. While there is a statement in the record by plaintiff's counsel that the defendant was making the payments on the second mortgage, there is no indication that he ceased making those payments. Thus, there simply is no evidence in the record to support the plaintiff's allegation that circumstances have changed since the entry of the decree. Of course, we do not intimate whether the defendant's failure to make payments, if indeed it has occurred, would constitute a material change in circumstances. Rather, the plaintiff may seek to modify the decree if she can establish a material change of

circumstances as grounds therefor (Ill. Rev. Stat. 1975, ch. 40, par. 19). We simply do not think she has shown any such change of circumstances herein. Hence, as to that portion of the plaintiff's motion which seeks to modify the decree, we affirm the appellate court.

Therefore, for the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*