No. 3--96--0708

_________________________________________________________________

                    IN THE APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

IN RE THE MARRIAGE OF:        )    Appeal from the Circuit Court

                              )    for the 12th Judicial Circuit,

PEGGY DAVIS N/K/A PEGGY WYLDE )    Will County, Illinois    

                              )

     Petitioner-Appellee,     )

                              )

v.                            )    No. 84 D 187

                              )

WILLIAM DAVIS                 )    Honorable

                              )    Ludwig J. Kuhar

     Respondent-Appellant.    )    Judge, Presiding

_________________________________________________________________

            JUSTICE BRESLIN delivered the Opinion of the court:

_________________________________________________________________

     Respondent William Davis appeals the trial court's

determination that petitioner Peggy Wylde was entitled to a portion

of his disability benefits under the terms of the parties'

dissolution judgment.  We hold that the judgment did not give Peggy

any rights to William's disability benefits.

                                   FACTS

     When Peggy and William were divorced in 1985, the court

entered an agreed judgment for dissolution of marriage which

incorporated a settlement agreement.  The settlement agreement

provided in part:

     "14.  That PEGGY DAVIS is awarded a present fractional

     interest in WILLIAM DAVIS' Retirement Benefit Plan(s)

     ***.  Further,

     a)  The retirement benefit plan(s) referred to herein is

     the SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND

     ***.

     ***

     c)  The plan herein shall pay benefits to PEGGY DAVIS if,

     as and when WILLIAM DAVIS RECEIVES benefits from said

     plan, regardless of the form or frequency of said

     payments.

     d)  The plan shall pay benefits to PEGGY DAVIS in

     accordance with the following formula:

          Plan benefit multiplied by 1/2 and the product

          thereof multiplied by a fraction, the

          numerator of which is 107 and the denominator

          of which is the number of months during which

          any contributions were made to the

          Participant's account (commonly known as the

          "Hunt" formula)."

     In 1992, William developed a vision impairment and was unable

to continue working at his job as a truck driver.  Accordingly, he

began receiving disability payments pursuant to the Suburban

Teamsters of Northern Illinois Pension Fund (pension plan). 

Thereafter, Peggy sought the entry of a qualified domestic

relations order (QDRO) which would require the pension plan to pay

her 33.46% of William's disability benefits.  The trial court

entered the QDRO over William's objections, and William appeals.

                                 ANALYSIS

     The primary issue on appeal is whether Peggy is entitled to a

portion of William's disability benefits under the dissolution

judgment.  Our resolution of this issue requires an interpretation

of the parties' dissolution judgment.

     The same rules that apply to construing contracts apply to

interpreting divorce decrees. In re Marriage of Kekstadt, 85 Ill.

App. 3d 952, 407 N.E.2d 746 (1980).  The main objective when

construing a marital settlement agreement is to give effect to the

purpose and intent of the parties at the time they entered into the

agreement. In re Marriage of Belk, 239 Ill. App. 3d 806, 605 N.E.2d

86 (1992).  Where the language of the judgment is clear and its

meaning is unambiguous, courts must give effect to that language.

In re Marriage of Mateja, 183 Ill. App. 3d 759, 540 N.E.2d 406

(1989).  However, if the judgment is ambiguous, the court must

ascertain the intent of the parties by examining the facts and

circumstances surrounding the formation of the agreement. In re

Marriage of Olsen, 229 Ill. App. 3d 107, 593 N.E.2d 859 (1992).  A

judgment is ambiguous if it is reasonably susceptible to more than

one meaning. In re Marriage of Druss, 226 Ill. App. 3d 470, 589

N.E.2d 874 (1992).  Because the interpretation of a contract is a

question of law, a reviewing court may interpret the contract

independently of the trial court's judgment. In re Marriage of

Kolb, 99 Ill. App. 3d 895, 425 N.E.2d 1301 (1981).

     The judgment at issue in the case at bar grants Peggy the

right to receive a fraction of William's retirement benefits. 

However, William's pension plan provides disability benefits as

well as retirement benefits, and the judgment does not identify

which benefits Peggy is entitled to receive.  It is thus reasonable

to interpret the judgment as granting Peggy the right to receive a

portion of any benefits William receives under the pension plan. 

However, it is also reasonable to interpret the judgment as

limiting Peggy's interest in the pension plan to normal, age--

related retirement benefits.  Accordingly, the judgment is

ambiguous, and we must examine the facts and circumstances

surrounding the formation of the parties' marital settlement

agreement to determine the parties' intent.

     The settlement agreement refers to William's retirement plan,

but it makes no reference to disability benefits.  The absence of

any reference to disability or disability benefits suggests that

the parties did not contemplate such benefits at the time they

entered the agreement.

     Moreover, under William's pension plan, the normal retirement

age is 60.  When a union member becomes disabled, he is entitled to

receive 75% of the retirement benefits he would have received if he

had worked until age 60.  Then, when he turns 60, he will receive

the same retirement benefits he would have received upon age--

related retirement.  Thus, if William had not become disabled, he

would have continued to receive his earned income until his

retirement at age 60 and Peggy would not receive any benefits under

the pension plan until William retired.  However, due to William's

disability, he is now unable to earn any income and must survive on

the reduced income provided from his disability benefits.

     To accept Peggy's interpretation of the agreement, we must

find that the parties intended that if William suffered a disabling

injury or illness and had to take a devastating reduction in his

means of support then Peggy would enjoy a concomitant windfall.  If

we accept William's proposed interpretation, Peggy will receive the

same benefits she would have received if William had continued

working until age 60, while William will receive disability

benefits as a substitute for his earned income.  Because Peggy's

proposed interpretation of the agreement leads to an unfair and

unreasonable result, we cannot conclude that the parties intended

that she receive a portion of William's disability benefits. See

Camp v. Hollis, 332 Ill. App. 60, 74 N.E.2d 31 (1947) (where

contract is susceptible of two constructions, interpretation which

makes a rational and probable agreement is favored).

     Our conclusion is bolstered by In re Marriage of Belk, 239

Ill. App. 3d 806, 605 N.E.2d 86 (1992).  When faced with an almost

identical fact pattern, the Belk court concluded that a wife was

not entitled to share in her husband's disability benefits. 239

Ill. App. 3d at 812, 605 N.E.2d at 90-91.  In that case, the

judgment provided that the wife would receive a portion of the

husband's pension. 239 Ill. App. 3d at 807, 605 N.E.2d at 87.  As

in the case at bar, the husband's pension plan provided for

disability benefits, but the judgment did not refer to these

benefits. 239 Ill. App. 3d at 807, 605 N.E.2d at 87.  The court

held that the absence of any reference to disability benefits in

the parties settlement agreement was persuasive that such benefits

were not contemplated by the parties. 239 Ill. App. 3d at 809-10,

605 N.E.2d at 88-89.  In addition, the court held that it was

unreasonable to conclude that the parties intended to grant the

wife a portion of the husband's reduced income after he became

disabled when she would not have received any benefits if her

husband had continued working. 239 Ill. App. 3d at 810-11, 605

N.E.2d at 89.  Because we find the Belk case persuasive, we

similarly hold that Peggy is entitled to receive a fractional share

of William's retirement benefits only when he begins to receive his

normal, age--related retirement benefits.  Accordingly, we reverse

the judgment of the trial court and remand for the entry of an

order modifying the QDRO to conform to our holding.

     Nonpublishable material omitted under Supreme Court Rule 23.

     For the foregoing reasons, the judgment of the circuit court

of Will County is reversed and remanded.

     Reversed and remanded.

     HOMER, and MICHELA, JJ., concur.