*In re* MARRIAGE OF MICHELE RIFKIN, Petitioner-Appellant and Cross-Appellee, and BENNETT L. RIFKIN, Respondent.—(Gerard A. Facchini *et al.,* Appellees and Cross-Appellants.)

First District (1st Division)   No. 82—1455

Opinion filed May 2, 1983.—Rehearing denied June 6, 1983.

Mark H. Barinholtz, of Chicago, for appellant.

Springer, Casey, Haas, Dienstag & Silverman, of Chicago (Gary E. Dienstag and Michael G. Elia, of counsel), for appellees.

JUSTICE GOLDBERG delivered the opinion of the court:

The issue presented in this appeal is one of law revolving about the often difficult concept of subject matter jurisdiction. These are the pertinent facts.

The litigation commenced as a proceeding for dissolution of marriage brought by Michele Rifkin (petitioner) against Bennett L. Rifkin (respondent). Petitioner was represented by the law firm of Facchini and Minton (attorneys). A judgment for dissolution of the marriage was entered on February 20, 1981. The only provision of the judgment pertaining to the attorney fees is:

*"Attorneys Fees*

Husband shall pay to the wife's attorneys, the sum of Twenty-Five Hundred ($2,500.00) Dollars as and for her attorneys fees and costs incurred during the pendency of this cause."

On December 9, 1981, the attorneys filed a "petition for judgment." The petition alleged the execution of a written retainer agreement between the attorneys and petitioner. It prayed for entry of judgment in favor of the attorneys and against petitioner for the balance of fees allegedly due said attorneys in the amount of $2,981.65.

Petitioner filed a motion to strike and dismiss this petition. (Ill. Rev. Stat. 1981, ch. 110, par. 48.) This motion averred that substantially more than 30 days had elapsed between the entry of the judgment for dissolution and the filing of the petition. It averred that the

petition was therefore "impermissible for jurisdictional reasons."

After a full hearing the trial court entered judgment in favor of the attorneys and against petitioner for $2,981.65, costs included. Petitioner appeals.

Petitioner's primary contention is that the trial court had no jurisdiction to hear the petition without the preservation of this issue by proper language in the judgment for dissolution. Petitioner also raises other matters such as denial of petitioner's motions for jury trial and for change of venue. The attorneys contend that the trial court had jurisdiction to hear and determine the fee issue. The attorneys also have cross-appealed on the theory that the trial court erred in denying their request for relief against petitioner under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 41).

In our opinion, the dispositive issue here is jurisdiction of the trial court over the subject matter of the petition for fees. Generally stated, the attorneys contend that Article VI, section 9, of the Illinois Constitution of 1970, grants the circuit courts of Illinois "original jurisdiction of all justiciable matters" excepting only the situations in which the Supreme Court of Illinois has "original and exclusive jurisdiction." (Ill. Const. 1970, art. VI, sec. 9.) Many cases bring out this basic definition of jurisdiction of the subject matter as vested in circuit courts. See the cases cited in *English v. English* (1979), 72 Ill. App. 3d 736, 741, 393 N.E.2d 18.

The attorneys cite *Knudsen v. Arlington Heights Federal Savings & Loan Association* (1981), 100 Ill. App. 3d 1088, 427 N.E.2d 865. In *Knudsen*, this court held that the divorce division of the circuit court properly granted a petition to permit a withdrawal from a minor's account without the need of bringing the matter before the probate division of the circuit court. However, in *In re Marriage of Kekstadt* (1980), 85 Ill. App. 3d 952, 955-56, 407 N.E.2d 746, this court expressly held:

> "The jurisdiction of courts of equity to hear divorce cases is conferred by statute [citation] and thus the equity courts have no inherent power in these cases. [Citation.] Illinois statutory law requires that the final decree in a civil case is a 'conclusive adjudication after the passage of 30 days from the date of its rendition.' [Citations.] Additionally, subject matter jurisdiction in divorce cases cannot be conferred even by stipulation or consent of the parties. [Citation.] Property rights created in a divorce decree become vested after 30 days, and the trial court lacks jurisdiction to modify an order affecting those rights. [Citations.]"

Following *Kekstadt*, in *Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 139, 434 N.E.2d 55, *appeal denied* (1982), 91 Ill. 2d 570, this court held that the jurisdiction of a court hearing matters concerning dissolution of a marriage is limited to that "conferred by statute." Thus, the court held that a final judgment for divorce is conclusive after the expiration of 30 days. 105 Ill. App. 3d 136, 139-40; see also *Waggoner v. Waggoner* (1979), 78 Ill. 2d 50, 398 N.E.2d 5.

We find a clear distinction between cases such as *Kekstadt* and *Kelly* on the one hand and cases like *Knudsen* on the other. In *Kekstadt* and *Kelly* the courts dealt with an attempt to modify a final judgment in a dissolution of marriage case more than 30 days after the entry thereof. These courts held that they could not modify their own orders after they had become final by the passage of 30 days. The issue in *Kekstadt* and *Kelly* was thus limited to the power of the court to modify an order in a marriage dissolution case more than 30 days after its entry. No question of the basic jurisdiction of the subject matter by these courts was considered. Quite to the contrary, in *Knudsen* there was an attempt to declare the orders of the chancery court to be void completely apart from the issue of loss of jurisdiction by passage of time. This court properly held that the court did have jurisdiction. This was not an attempt to modify a previous order despite passage of time but an attempt to disregard it entirely.

■ It is clear from these authorities that, where a circuit court is hearing matters relating to the dissolution of a marriage, it is not acting within the unlimited jurisdiction conferred upon it by the Constitution of Illinois. It is necessarily acting in accordance with the authority vested in it by the applicable provisions of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1981, ch. 40, par. 101 *et seq.*) And, in this type of situation the jurisdiction of the circuit court is limited to that vested in it by the pertinent provisions of the statute. The issue of the jurisdictional powers vested in the circuit court by the Constitution of Illinois is not pertinent here. The issue is the power of the marriage dissolution court to modify its own judgment more than 30 days after entry thereof.

■ The applicable statute clearly holds that the disposition of property by a judgment for dissolution of marriage "may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." (Ill. Rev. Stat. 1981, ch. 40, par. 510(a). See also *In re Marriage of Arkin* (1982), 108 Ill. App. 3d 103, 111, 438 N.E.2d 957, and cases there cited.) We see no reason not to apply this clear language of the statute to a matter involving allowance of attorney fees.

■ Reasoning from these principles to the case before us, the judgment for dissolution was entered on February 20, 1981. After the expiration of 30 days, the provisions of this judgment relating to property rights and attorney fees became fixed and final. The judgment for dissolution contained no provision for continuing exercise of jurisdiction over the issues of attorney fees. (Compare *Pettit v. Pettit* (1978), 60 Ill. App. 3d 375, 378, 376 N.E.2d 782.) The petition herein was not filed by the attorneys until December 9, 1981. Thus, since 30 days had elapsed from entry of the judgment, the provision of the judgment for dissolution above cited became final and could be modified only in accordance with the provisions of section 510(a) of the dissolution statute (Ill. Rev. Stat. 1981, ch. 40, par. 510(a)), which in turn leads directly into section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72). The allowance of attorney fees in the final judgment could be modified or supplemented only by the filing of a proper petition under section 72 showing not only a meritorious cause of action but also the exercise of due diligence by the moving party.

In this regard, the argument by the attorneys that there was an ambiguity in the judgment for dissolution which required clarification by the trial court necessarily fails. We find no ambiguity in the clear language of the judgment before us. We find simply an attempt to modify the provisions of the judgment with reference to attorney fees. (See *In re Marriage of Kekstadt* (1980), 85 Ill. App. 3d 952, 954-55.) It is true that under the present marriage and dissolution statute the court may order "either spouse to pay a reasonable amount for his own costs and attorney's fees ***." (Ill. Rev. Stat. 1981, ch. 40, par. 508(a); see *In re Marriage of Galvin* (1981), 94 Ill. App. 3d 1032, 419 N.E.2d 417.) However, that fact has no relationship to the tardy filing of the present petition.

We accordingly conclude that the trial court lacked jurisdiction to modify the final judgment for dissolution of marriage. Consequently, we need not consider any of the remaining contentions made by petitioner, and we need not consider the cross-appeal filed by the attorneys. Accordingly, the judgment appealed from is vacated and the cross-appeal is dismissed.

Judgment vacated, cross-appeal dismissed.

BUCKLEY, P.J., and CAMPBELL, J., concur.