*In re* MARRIAGE OF KATHY KAY JACKSON, Petitioner-Appellee, and LAWRENCE EUGENE JACKSON, Respondent-Appellant.

Third District   No. 3—99—0943

━━━━━

Opinion filed August 4, 2000.

Selena R. Castle and Brett A. Nelson, both of Nelson, Keys, Keys & Schultz, P.C., of Rock Island, for appellant.

Elizabeth Eagle, of Rock Island, for appellee.

PRESIDING JUSTICE SLATER delivered the opinion of the court:

The respondent, Lawrence Eugene Jackson, appeals from the judgment of the trial court awarding custody of his son, Lateef, to his former spouse, the petitioner, Kathy Kay Jackson. We find that the trial court improperly gave *res judicata* effect to the custody provisions of a plenary order of protection entered before the commencement of the dissolution of marriage proceedings. This error deprived Lawrence of a fair custody hearing. Thus, we reverse the judgment of the circuit court and remand the matter for further proceedings.

Lawrence and Kathy were married in July 1976. Their daughter was born in January 1980, their son in April 1983. In December 1998, Kathy filed a verified petition for order of protection. In her petition, she alleged that the preceding day Lawrence had choked their daughter. Kathy stated that she attempted to intervene and all three ended up on the floor. Kathy further alleged that Lawrence had threatened to kill her in September 1998 and, six weeks earlier, had choked Lateef and thrown him out of the house. An emergency order of protection was entered that day, with visitation between Lawrence and Lateef to be according to Lateef's wishes.

On April 27, 1999, the trial court issued a plenary order of protection requiring Lawrence to stay away from Kathy and granting him visitation with Lateef only at Lateef's request.

In June 1999, Kathy filed a petition for dissolution of marriage. She filed an amended petition in August 1999. In her petition, she asked the court to give *res judicata* effect to the custody, visitation and child support provisions of the plenary order of protection.

Kathy asked the trial court to consolidate the order of protection proceedings with the dissolution of marriage proceedings. Over Lawrence's objection, the trial court granted the consolidation. The court also determined that the custody, visitation and child support provisions of the plenary order of protection would be incorporated into the judgment of dissolution. The final judgment of dissolution was entered in October 1999.

Lawrence raises several arguments on appeal. All of these arguments are centered around the fairness of the way the trial court handled the issue of custody of Lateef. Lawrence essentially argues that the custody determination was unfairly made and cites three factors he believes contributed to the unfairness. We agree with Lawrence that the hearing was unfairly conducted, for the reasons we will set forth below. Given this conclusion, we need not respond individually to each of Lawrence's arguments.

In her pleadings, Kathy asked the trial court to consider the plenary order of protection *res judicata* as to the issues of custody, visitation and child support. However, at the time of the hearing, Kathy's attorney couched that request in terms of "consolidating" the order of protection proceeding with the dissolution of marriage proceeding. The trial court agreed to "consolidate" the cases and then accepted the custody determination of the order of protection as its custody order without further hearings on the matter. Clearly, the effect of the "consolidation" was to give *res judicata* effect to the plenary order of protection's custody provisions.

■ The doctrine of *res judicata* reflects a public policy favoring finality in litigation and judicial economy. *Pfeiffer v. William Wrigley Jr. Co.*, 139 Ill. App. 3d 320, 484 N.E.2d 1187 (1985). It provides that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties. *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 602 N.E.2d 820 (1992). *Res judicata* applies when there is: (1) a final judgment on the merits; (2) identity of causes of action; and (3) identity of parties. *Horton v. Caterpillar, Inc.*, 260 Ill. App. 3d 150, 632 N.E.2d 1061 (1994). An identity of causes of actions is proven when the two claims arise out of a single group of operative facts, even if different theories of relief are pursued. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 703 N.E.2d 883 (1998). A court will review the application of *res judicata de novo*. *American National Bank & Trust Co. v. Village of Libertyville*, 269 Ill. App. 3d 400, 645 N.E.2d 1013 (1995).

■ In the instant case, the order of protection and dissolution of marriage proceedings did not arise from a single group of operative facts. The order of protection case was concerned with only the issue of whether Lawrence had abused Kathy and their children and what actions should be taken to end the abuse. The evidence would have necessarily been limited to instances of alleged abuse. The dissolution of marriage proceeding, particularly that portion involving the custody and visitation of the children, would have involved a much larger inquiry into Lawrence's parenting abilities. To be sure, his alleged abuse would have been a major factor to consider. However, it would not have been the only factor, as in the order of protection case. Thus, no identity of causes of action existed between the order of protection proceeding and the dissolution of marriage proceeding. As a result, the plenary order of protection could not be considered *res judicata* on the issue of custody. We hold that the trial court erred in giving the order of protection such an effect by "consolidating" the order of protection proceedings and the dissolution of marriage proceedings.

By giving the order of protection proceedings *res judicata* effect,

the trial court effectively denied Lawrence a fair hearing on his request for custody of Lateef. Consequently, we must vacate the judgment awarding custody to Kathy and remand the matter for a new hearing on that issue.

The judgment of the circuit court of Rock Island County is vacated and the matter remanded for further proceedings.

Vacated and remanded.

BRESLIN and KOEHLER, JJ., concur.