No. 2--03--0713

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

In re
 MARRIAGE OF        ) Appeal from the Circuit Court

TIMOTHY J. ROE,
      ) of Lake County. 

      ) 

Petitioner-Appellee,      )

      ) 

and      ) No. 00--D--1797

        ) 

JAMI L. ROE, n/k/a Jami L. Varuska-Barlow,    ) Honorable

      ) John G. Radosevich,

Respondent-Appellant.      ) Judge, Presiding.

______________________________________________________________________________

 JUSTICE HUTCHINSON delivered the opinion of the court:

Respondent, Jami L. Roe, n/k/a Jami L. Varuska-Barlow, appeals from the trial court's order requiring her to pay liquidated damages to petitioner, Timothy J. Roe, pursuant to the terms of the parties' marital settlement agreement (the Agreement).  The liquidated damages provision of the Agreement required respondent to surrender a sum of money upon her failure to return to Illinois with the parties' minor child by September 1, 2002.  On appeal, respondent contends that the liquidated damages provision was unenforceable as a matter of law.  Because we conclude that the trial court was without statutory authority to enter a judgment of dissolution containing such a provision, we reverse the trial court's judgment requiring respondent to pay liquidated damages.

On April 18, 2001, the trial court dissolved the parties' marriage.  In its judgment for dissolution of marriage, the trial court incorporated the Agreement by reference.  The Agreement  awarded respondent 52% of the net proceeds from the sale of the marital home, approximately $46,000.  The parties agreed to joint custody of their sole minor child, Matthew, with respondent retaining primary physical custody, subject to petitioner's visitation.  The Agreement further granted petitioner visitation rights every other weekend, with respondent being responsible for the expense of six of these visits per year.  The parties agreed to allow respondent to relocate with Matthew to Kansas to complete her undergraduate studies.  The Agreement provided that respondent and Matthew were required to return to Illinois by September 1, 2002.  The Agreement also contained a "liquidated damages" provision, stating in pertinent part:

"To secure the return of [respondent] to the State of Illinois, [respondent] agrees to deposit into an account in her name (investment or interest bearing ) in Illinois designated by her 75% of her net proceeds from the sale of the marital residence, further referred to as 'Funds'.  ***  The Funds shall remain in the account until the return of the minor child to the State of Illinois or upon [petitioner] moving from the State of Illinois.  ***  If [respondent] fails to return the minor child to the State of Illinois on or before September 1, 2002, then [petitioner] shall receive as liquidated damages, the Fund and the unallocated maintenance in Article Four shall cease until the child is returned.  While unallocated maintenance will cease during this period, child support must be paid in accordance with 750 ILCS 5/505." 

On March 11, 2002, respondent petitioned to remove Matthew from Illinois to Kansas.  In this petition, respondent stated that she had become engaged to be married and intended to reside in Kansas permanently to pursue a graduate degree.  Respondent represented that, if removal were granted, the visitation schedule provided for in the Agreement would continue.  Trial on this petition was originally scheduled for August 15, 2002, but subsequently was continued.

On September 10, 2002, petitioner filed a petition for rule to show cause and other relief.  In count I, petitioner asked the trial court to issue a rule to show cause against respondent for violating the judgment of dissolution, because she failed to return to Illinois with Matthew by September 1, 2002.  In count II, petitioner requested the award of liquidated damages as provided in the Agreement.  Specifically, petitioner requested the trial court to issue an order commanding respondent to "turn over the funds that were being held as security to [petitioner] as liquidated damages." 

In her answer to the petition for rule to show cause, respondent denied that her failure to return to Illinois with Matthew was a willful violation of the trial court's order, because she filed a timely petition for removal prior to September 1, 2002, and she had intended to resolve the controversy prior to this deadline.  In response to count II, respondent answered, "[Respondent] denies that [petitioner] should receive liquidated damages.  [Respondent] affirmatively states that the issue of liquidated damages should be resolved upon the final resolution of the matter."

The trial court conducted a joint trial on respondent's petition for removal and petitioner's petition for rule to show cause.  Respondent testified that the parties negotiated the Agreement because she wanted to relocate to Kansas to complete her undergraduate studies.  She testified that, in agreeing to Matthew's temporary removal, petitioner agreed to fly to Kansas every other week for visitation.  Petitioner testified that he agreed to allow respondent to temporarily relocate to Kansas with Matthew so that she could finish her undergraduate studies. 

In its ruling on January 23, 2003, the trial court determined that it was in Matthew's best interest to remain in Kansas and granted respondent's March 11, 2002, petition to remove.  The trial court denied petitioner's September 10, 2002, petition for rule to show cause and declined to hold respondent in indirect civil contempt.  The trial court further found that respondent had not raised any argument concerning the enforceability of the liquidated damages provision of the Agreement. Nonetheless, the trial court found that the liquidated damages clause was both reasonable and enforceable.  The trial court thereafter ordered respondent to pay petitioner liquidated damages as required by the Agreement.  

Respondent filed a motion to reconsider on February 21, 2003.  The motion alleged that the liquidated damages provision was unenforceable because it amounted to a penalty intended solely to secure Matthew's return to Illinois.  Alternatively, respondent argued that the provision was unenforceable because the trial court made no finding that the liquidated damages amount was a reasonable forecast of the harm caused to petitioner by the failure to return Matthew.  Finally, respondent argued that petitioner had failed to present any evidence indicating that he suffered damages.

On March 24, 2003, petitioner moved to strike respondent's motion to reconsider on waiver principles.  Petitioner argued that respondent had not raised the issue of the enforceability of the liquidated damages provision as an affirmative defense in her response to his petition for rule to show cause.  On May 23, 2003, the trial court conducted a hearing and granted petitioner's motion to strike.  Respondent timely appeals.

On appeal, respondent contends that:  (1) the trial court erred when it found that respondent waived the issue of the enforceability of the liquidated damages provision; (2) the trial court erred when it awarded liquidated damages to petitioner, because the provision was unenforceable as a matter of law; and (3) the trial court erred when it awarded liquidated damages without evidence establishing a reasonable basis for the alleged damages.  In the alternative, respondent asks this court to remand the case because petitioner allegedly committed a fraud on the trial court by not disclosing his future intent to relocate to Kansas.  In response, petitioner asserts that respondent's arguments are barred by the doctrines of waiver, 
res judicata
, and equitable estoppel
.  Petitioner additionally argues that, notwithstanding the application of these doctrines, the liquidated damages provision was valid and enforceable as a matter of law without any evidence of damages.

Respondent first contends that the trial court erred when it found that she waived the issue of the enforceability of the liquidated damages provision because she had not raised it as an affirmative defense to petitioner's petition for rule to show cause.  Section 2--613(d) of the Code of Civil Procedure (the Code) (735 ILCS 5/2--613(d) (West 2002)) requires that affirmative defenses must be plainly set forth in the answer.  It provides:  

"The facts constituting any affirmative defense *** and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint, *** and any ground or defense, whether affirmative or not, which, if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply."  735 ILCS 5/2--613(d) (West 2002). 

In the present case, petitioner cannot reasonably assert that he was taken by surprise by respondent's defense of the enforceability of the liquidated damages provision.  Petitioner requested that liquidated damages be awarded in his pleading, and respondent specifically denied that petitioner should receive any liquidated damages.
  Given that it was petitioner who initiated the claim and sought enforcement of the liquidated damages provision, and given respondent's categorical denial that petitioner was entitled to any liquidated damages, we conclude that respondent sufficiently alerted petitioner in her answer that she would contest the enforceability of the liquidated damages provision.  Therefore, we do not believe that petitioner was surprised by respondent's defense, and we conclude that respondent did not waive the issue of the enforceability of the liquidated damages provision.  See 
M.I.G. Investments, Inc. v. Marsala
, 92 Ill. App. 3d 400, 405-06 (1981) (holding that plaintiff could not have been surprised that trial court would scrutinize liquidated damages provision prior to enforcement even though the issue of the enforceability of the provision was not raised as an affirmative defense). 

We further note that the waiver rule is a limitation on the parties and not on the courts.  
In re Marriage of Gordon
, 233 Ill. App. 3d 617, 664 (1992).  
The issue of the enforceability of a liquidated damages clause raises a clear question of law, and, if the record is sufficient to permit its resolution,  we may override the considerations of waiver in favor of a uniform body of precedent and to ensure a just result.  
Catholic Charities of the Archdiocese v. Thorpe
, 318 Ill. App 3d 304, 311 (2000).  Here, this issue raises a clear question of law, and the facts in the record are sufficient to permit its resolution.  Accordingly, we conclude that waiver principles do not preclude consideration of the enforceability of the liquidated damages provision of the Agreement.

Petitioner also argues that the question of the enforceability of the liquidated damages provision may not be considered under the doctrine of 
res judicata
.  The essence of petitioner's argument is that, because respondent did not challenge the provision at the time it was incorporated into the judgment for dissolution, she is barred from challenging the clause on appeal.  

The doctrine of 
res judicata
, or estoppel by judgment, holds that " ' "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and as to them, it constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action." ' "  
In re Marriage of Hulstrom
, 342 Ill. App. 3d 262, 270 (2003), quoting 
Miller v. Balfour
, 303 Ill. App. 3d 209, 214-15 (1999), quoting 
Sobina v. Busby
, 62 Ill. App. 2d 1, 17 (1965).  The doctrine of 
res judicata
 does not apply where a judgment is void, and void judgments are subject to collateral attack for lack of jurisdiction or fraud.  
Hulstrom
, 342 Ill. App. 3d at 270.  Jurisdiction involves not only the power to hear and determine a given case but also the power to grant the particular relief requested, and every act of the court beyond its jurisdiction is void.  
Hulstrom
, 342 Ill. App. 3d at 270, citing 
Miller
, 303 Ill. App. 3d at 215.  A void order or judgment is one entered by a court without jurisdiction of the subject matter or the parties, or by a court that lacks the inherent power to make or enter the order involved.  
In re Marriage of Mitchell
, 181 Ill. 2d 169, 177 (1998).  A voidable judgment, on the other hand, is one entered erroneously by a trial court having jurisdiction and is not subject to collateral attack.  
Mitchell
, 181 Ill. 2d at 174.  The standard of review for the application of 
res judicata
 is 
de novo
.  
In re Marriage of Jackson
, 315 Ill. App. 3d 741, 743 (2000).  

The dissolution of marriage is entirely statutory in origin and nature.  
Strukoff v. Strukoff
, 76 Ill. 2d 53, 60 (1979).  Courts in dissolution cases may exercise their powers within the limits of the jurisdiction conferred by the statute, and this jurisdiction depends on the grant of the statute.  
In re Marriage of Ramsey
, 339 Ill. App. 3d 752, 756 (2003), citing 
Strukoff
, 76 Ill. 2d at 60.  When a trial court presides over matters relating to the dissolution of marriage, it must act in accordance with the authority vested in it by the applicable provisions of the Illinois Marriage and Dissolution of Marriage Act (the Marriage Act) (750 ILCS 5/101 
et seq.
 (West 2002)).  See 
Rifkin v. Rifkin
, 114 Ill. App. 3d 555, 558 (1983).  When a trial court in a dissolution of marriage proceeding enters an order that it lacks the inherent power to make under the Marriage Act, its order is void and may be collaterally attacked at any time.  
Mitchell
, 181 Ill. 2d at 177.  However, a trial court's order in a dissolution proceeding is voidable when the trial court has the authority to enter an order but makes an error " 'in determining either the facts, the law or both.' "  
Mitchell
, 181 Ill. 2d at 175, quoting 
People v. Davis
, 156 Ill. 2d 149, 156 (1993).

In 
Mitchell
, the trial court's judgment of dissolution incorporated a marital settlement agreement that specified that the husband would pay a percentage of his income as child support.  
Mitchell
, 181 Ill. 2d at 171.  Six years after the entry of the dissolution judgment, the wife filed a petition for rule to show cause, alleging that the husband had failed to comply with the child support provisions.  
Mitchell
, 181 Ill. 2d at 171.  The trial court determined that the child support provision in the judgment of dissolution was void and unenforceable because section 505(a)(5) of the Marriage Act required that all child support obligations be expressed in dollar amounts and not as percentages.  
Mitchell
, 181 Ill. 2d at 172-73. 

On review, our supreme court agreed that section 505(a)(5) of the Marriage Act required that child support obligations must be expressed solely in dollar amounts.  
Mitchell
, 181 Ill. 2d at 174.  However, the 
Mitchell
 court disagreed with the trial court's conclusion that the child support provision of the judgment of dissolution was void and unenforceable.  
Mitchell
, 181 Ill. 2d at 175.  The 
Mitchell
 court explained that, at the time the trial court entered the judgment of dissolution, it had jurisdiction over the parties and the dissolution proceeding and "had jurisdiction over the award of child support."  
Mitchell
, 181 Ill. 2d at 175.  The 
Mitchell
 court explained that, although the trial court's support order was contrary to the requirements of the statute, the trial court nonetheless had authority to enter the order.  
Mitchell
, 181 Ill. 2d at 175.  The supreme court thus concluded that the trial court's order was voidable and not subject to collateral attack.  
Mitchell
, 181 Ill. 2d at 175.  Because the husband failed to attack the child support provision on direct appeal, the supreme court concluded that the provision was enforceable and remanded the case to the trial court for further proceedings.  
Mitchell
, 181 Ill. 2d at 178.

As in 
Mitchell
, the parties in this case had the opportunity to bargain for, and to benefit from, the terms of the settlement agreement, including the provisions governing child support.  The trial court had jurisdiction over the parties and the dissolution proceeding in general, and the trial court also had the authority to incorporate a marital settlement agreement into the judgment.  Nonetheless, this case is otherwise distinguishable from 
Mitchell
.  Section 505(a) of the Marriage Act authorized the trial court to enter an order for child support; however, the Marriage Act contains no provision authorizing the trial court to require a reasonable security to guarantee respondent's return to Illinois.

The Marriage Act contains a removal provision, which provides a mechanism for a custodial parent to secure leave to remove a minor child from Illinois.  See 750 ILCS 5/609 (West 2002).  When removal is permitted, the Marriage Act authorizes the trial court to require the party removing the child to give reasonable security to guarantee the return of the child.  750 ILCS 5/609(a) (West 2002).  Although the Marriage Act permits the imposition of a reasonable security to guarantee the return of the parties' 
child
, the Marriage Act does not give the trial court the authority to impose a reasonable security to guarantee the return of the 
parent
 to Illinois.  The plain language of the Agreement required the return of 
both
 respondent and Matthew to Illinois by September 1, 2002.  In addition to requiring Matthew's return, the liquidated damages provision expressly stated that its purpose was "[t]o secure the return of [respondent] to the State of Illinois."  In his appellate brief, petitioner states that the liquidated damages provision required both respondent and Matthew to return to Illinois.  Petitioner also argues that he was "entitled to recover liquidated damages as a result of [respondent's] failure to return to Illinois with the minor child in contravention of judgment."

As the Marriage Act does not authorize the trial court to require security to guarantee the return of a party to Illinois, the trial court here lacked the inherent statutory authority to incorporate into the parties' judgment of dissolution the liquidated damages provision requiring respondent's return.  Because the trial court in this case lacked authority to impose a security to guarantee respondent's return, the traditional rule governing void and voidable judgments, as stated in 
Mitchell
, indicates that the entirety of the liquidated damages portion of the judgment of dissolution is void.  See 
Hulstrom
, 342 Ill. App. 3d at 270-72 (distinguishing 
Mitchell
 and holding that the trial court lacked the authority to divide the parties' social security benefits pursuant to the terms of the parties' marital settlement agreement).  While the trial court had jurisdiction over the parties and the dissolution proceedings, its incorporation of the defective liquidated damages provision into the judgment was void.  See 
Hulstrom
, 342 Ill. App. 3d at 273.  Because this portion of the dissolution judgment was void, the doctrine of 
res judicata
 does not preclude respondent's challenge to the liquidated damages provision.  See 
Hulstrom
, 342 Ill. App. 3d at 273.

Although this issue was not raised by the parties, we note that the Agreement contained a severability clause providing that, in the event that a portion of the Agreement is held invalid, "the remainder shall not be affected thereby and shall continue in full force and effect."  In light of this provision, we have considered the possibility of severing the portion of the liquidated damages provision requiring respondent's return to Illinois.  If we were to sever the first sentence of the provision, the remainder of the provision imposes liquidated damages only upon respondent's failure to return Matthew to Illinois.  However, after reviewing the testimony at trial and considering the appellate briefs filed in this court, we conclude that the parties intended the liquidated damages provision to require 
both
 petitioner and Matthew to return to Illinois by September 1, 2002.  Lacking indicia that the parties intended that the language contained within the liquidated damages provision could be severed, and lacking a specific request to do so by either party, we conclude that our severance of the offending language would be improper.  See generally 
Abbott-Interfast Corp. v. Harkabus
, 250 Ill. App. 3d 13, 21 (1993) (noting that, in determining whether to sever unenforceable provisions from an agreement, court must consider whether parties intended provisions of agreement to be severable).

Our discussion of the potential severability of the liquidated damages provision should not be viewed as an endorsement of a more narrowly drawn provision relating only to the return of the child.  In light of our determination that the liquidated damages provision is void on the basis that it required respondent's return to Illinois, we need not consider the enforceability of a provision imposing liquidated damages upon respondent for failing to return Matthew to Illinois.  Rather, we simply note that section 609(a) of the Marriage Act specifically addresses the trial court's authority to require the party removing the child from Illinois "to give reasonable security guaranteeing the return" of the child.  750 ILCS 5/609(a) (West 2002). 

As a final argument, petitioner asserts that respondent should be equitably estopped from challenging the liquidated damages provision.  Petitioner argues that he agreed to permit respondent to temporarily relocate to Kansas with Matthew in exchange for her promise to return by September 1, 2002.  Petitioner asserts that he relied on this promise in accepting the Agreement, changing his position in reliance on the judgment.  We find no basis for the application of equitable estoppel in this case.  Estoppel arises when a party by his or her words or conduct intentionally or through culpable negligence induces reasonable detrimental reliance by another on his or her representations.  
In re Marriage of Schlam
, 271 Ill. App. 3d 788, 794 (1995).  Here, the record contains no evidence that respondent misrepresented or concealed material facts in making her original request to remove Matthew to Kansas.  We therefore decline to invoke estoppel.

Rather, in light of our conclusion that the liquidated damages provision of the parties' dissolution judgment was void, we conclude that it was of no effect and could not be enforced by the trial court.  See 
Hulstrom
, 342 Ill. App. 3d at 272.  We therefore reverse that portion of the trial court's order requiring respondent to pay petitioner damages under the liquidated damages provision.  As neither party raises any other allegation of error as to the remaining portions of the trial court's order granting the removal petition and denying the petition for rule to show cause, we affirm that order in all other respects.

For the foregoing reasons, we affirm in part and reverse in part.

    Affirmed in part and reversed in part.

GROMETER
, 
J.,  concurs
.

JUSTICE KAPALA, specially concurring:

I agree with the majority's conclusion that the liquidated damages provision of the marital settlement agreement is void.  However, I believe that, to the extent that the majority opinion holds that parties in a dissolution proceeding cannot fashion a marital settlement agreement that provides where the parties will reside, 
the majority decides an issue not raised in this case.  Therefore, I specially concur.  

The parties in this case have brought only the issue of the liquidated damages provision before us.  Neither party is contending that the provision of their marital settlement agreement requiring  respondent to return to Illinois with Matthew by September 1, 2002, is void.  The majority's opinion states that "the liquidated damages provision is void on the basis that it required respondent's return to Illinois."  Slip op. at 11.  The liquidated damages provision did not require respondent's return to Illinois; a separate provision of the marital settlement agreement provided for respondent's and Matthew's return.  The liquidated damages provision simply attempted to secure this return.  It is the obligation to pay liquidated damages that is the basis of the issue before us; thus, only this provision should be held void.  We should make no ruling as to the validity of the return provision itself.