PRESIDING JUSTICE GEOMETER, specially concurring: I was on the panel that decided In re Marriage of Roe, 352 Ill. App. 3d 1155 (2004), and I sided with the majority in that decision. Despite my position in Roe, I concur today in the majority’s supplemental decision to adhere to our original judgment in this case. I write separately to note that the Roe decision did not include a discussion of either Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill. 2d 325 (2002), or Steinbrecher v. Steinbrecher, 197 Ill. 2d 514 (2001). As the majority points out, Belleville Toyota held that “[w]ith the exception of the circuit court’s power to review administrative action, which is conferred by statute, a circuit court’s subject matter jurisdiction is conferred entirely by our state constitution.” Belleville Toyota, 199 Ill. 2d at 334. Steinbrecher held that the “inherent power” requirement applies to administrative agencies and courts of limited jurisdiction, not courts of general jurisdiction. Steinbrecher, 197 Ill. 2d at 529-30. Thus, our statement in Roe that a trial court order is void when the court in a dissolution proceeding enters an order that it lacks the inherent power to make under the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 et seq. (West 2002)) is at odds with controlling supreme court precedent. Nevertheless, in closing, I point out that the members of our supreme court are seemingly divided about some of the issues we address today. See Belleville Toyota, 199 Ill. 2d at 370-71 (Freeman, J., dissenting, joined by McMorrow, J.) (classifying the majority’s discussion of jurisdiction as “wrong”); Steinbrecher, 197 Ill. 2d at 547-49 (Freeman, J., dissenting, joined by McMorrow and Kilbride, JJ.) (arguing that a void order is one entered by a court that lacks the inherent power to do so).