PATRICIA HOLLE PATRICK, Plaintiff-Respondent-Appellee, *v.* HAROLD L. PATRICK, Defendant-Petitioner-Appellant.

Fourth District  No. 14305

Opinion filed April 14, 1978.

Reino C. Lanto, Jr., of Rantoul, for appellant.

Robert I. Auler, of Auler Law Offices, of Urbana, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant-petitioner, Harold Patrick, appeals from an order of the circuit court of Champaign County dismissing his motion to vacate an order which terminated defendant's parental rights and denying his petition to restore parental rights. The issue is whether the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*) authorizes a court to terminate parental rights and, if so, whether such an order is subject to later modification.

Plaintiff-respondent, Patricia Patrick, and defendant were granted a divorce on July 20, 1967, by the circuit court of Champaign County. Protracted post-decree matters dealing with child custody, visitation and support occurred from the time of the decree until 1974. In 1972, defendant filed a petition to modify the decree with regard to child visitation and custody. In 1973, an order was entered which temporarily terminated visitation privileges of defendant and fixed the child support arrearages defendant owed. In May of 1974, the parties entered into a stipulation in which defendant consented to the termination of his parental rights and plaintiff relinquished and waived all claims against

defendant and agreed to dismiss all pending matters, which included a claim for child support arrearages. An order was entered in May of 1974 by the circuit court of Champaign County which terminated defendant's parental rights to the minor children of the parties. No appeal was taken from that order. On August 20, 1976, defendant filed a petition for restoration of parental rights. At the hearing on the petition, defendant made an oral motion to vacate the order of May 2, 1974, as being void for the lack of jurisdiction under the Divorce Act or the equitable powers of the court. The court denied defendant's motion to vacate and granted plaintiff's motion to strike the petition for restoration of parental rights. The trial court ruled that it had jurisdiction to entertain and decide the question of termination of parental rights and that the order of May 2, 1974, terminating parental rights was a final judgment and not subject to modification thereafter. We reverse and remand.

■■ ■ The authority of a circuit court to act in divorce matters is conferred only by statute. (*Meyer v. Meyer* (1951), 409 Ill. 316, 99 N.E.2d 137.) Section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19) confers only limited authority to make orders touching alimony and maintenance of the parties and the custody, care and support of children. (*Brickey v. Brickey* (1976), 44 Ill. App. 3d 563, 358 N.E.2d 406.) It is important to recognize that issues of child visitation, custody, and support are distinct from the issue of termination, which encompasses the total severance and abrogation of all parental rights and liabilities. (*In re Grant* (1975), 29 Ill. App. 3d 731, 331 N.E.2d 219.) While section 18 does indeed grant the court the subject matter jurisdiction regarding the care, custody, and support of children, the scope of the statute does not include or encompass termination of parental rights. Provisions in the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 701—1 *et seq.*) and the Adoption Act (Ill. Rev. Stat. 1975, ch. 4, par. 9.1—1 *et seq.*) are and should be the exclusive authority by which parental rights may be terminated. Since the proceedings which terminated defendant's parental rights were not conducted under the auspices of either the Juvenile Court Act or the Adoption Act and therefore the procedures outlined therein to terminate parental rights were not followed, the order terminating defendant's parental rights were inappropriate. Since the proffered stipulation terminating parental rights was not executed according to statute, and did not even purport to do so, it is insufficient to support the order of the court. All of the cases cited to us by the parties or discovered in our research involve termination of parental rights in proceedings which had been commenced under either the Juvenile Court Act or the Adoption Act.

■■ While the court lacked the authority to terminate defendant's parental rights, it had the authority by virtue of section 18 to deny

14

defendant all rights of visitation and prohibit defendant from any contact with the minor children of the parties if the circumstances so warranted. We believe that the order of May 2, 1974, should be considered just such an order. Of course, like any order touching on custody of the children that is entered under section 18, the order of May 2 was subject to subsequent modification because of a change in circumstances of the parties. (Ill. Rev. Stat. 1975, ch. 40, par. 19.) It follows that the trial court erred in dismissing defendant's petition which sought to modify the May 2 order, alleging a material change in circumstances had occurred since the entry of the order. The cause must be remanded for a hearing on defendant's petition so that the trial court may enter a decision on the merits. We express no opinion as to the validity or the binding effect of the remaining items in the stipulation between the parties or the other portions of the May 2 order. Accordingly, the judgment of the circuit court of Champaign County is reversed and the cause is remanded with directions to proceed consistent with the views expressed herein.

Reversed and remanded with directions.

STENGEL, P. J., and SCOTT, J., concur.