*In re* J.N. *et al.,* Minors (The People of the State of Illinois, Petitioner-Appellee, v. Tonda Eisenburg, Respondent-Appellant).

Fourth District   No. 4—99—0518

Opinion filed December 10, 1999.

E. John Clark, of Quincy, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Respondent, Tonda Eisenburg, appeals from the May 24, 1999, order of the circuit court of Adams County, terminating her parental rights in her children, J.N. and D.N. We affirm.

The trial court adjudicated J.N. and D.N. wards of the court on September 5, 1996. On January 6, 1998, after a permanency review hearing, the trial court returned the children to the custody of their biological father, who was at that time married to respondent. This court affirmed the order. *In re D.N.*, No. 4—98—0148 (August 6, 1998) (unpublished order under Supreme Court Rule 23). The State filed a petition to terminate respondent's parental rights on June 23, 1998, alleging respondent had made neither reasonable progress nor reasonable efforts (750 ILCS 50/1(D)(m) (West Supp. 1997)) toward the return of her children.

Meanwhile, respondent and her husband were seeking a divorce through a proceeding pending in the circuit court of Pike County. The divorce court entered an order in August 1998, granting respondent visitation rights under the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/101 *et seq.* (West 1996 & Supp. 1997)). On June 9, 1999, in the juvenile case in Adams County, the trial court found respondent to be unfit and terminated her parental rights.

On appeal, respondent concedes that the trial court's order of termination was supported by clear and convincing evidence. She argues that the trial court nevertheless erred in terminating her parental rights because the termination order interfered with the visitation order entered by the divorce court in Pike County. She argues that the goal of permanency under the Juvenile Court Act of 1987 (Juvenile Act) (705 ILCS 405/1—1 et seq. (West 1998)) had already been achieved by the trial court's placement of the children with their father. She contends that termination of her rights was sought, despite the achievement of permanency, only because of concern that respondent would have visitation rights pursuant to the divorce court's order. Thus, she concludes that the only purpose of the trial court's termination order was to override the divorce court's order. Thus, she contends the trial court essentially invaded the domain of the Marriage Act and the divorce court.

Respondent's argument is without merit. Under the Marriage Act, the divorce court had limited subject-matter jurisdiction over the care, custody, and support of the children. Under the Juvenile Act and the Adoption Act (750 ILCS 50/0.01 et seq. (West 1998)), the trial court had concurrent jurisdiction over the issue of termination of parental rights. Patrick v. Patrick, 59 Ill. App. 3d 11, 13, 374 N.E.2d 1084, 1085 (1978). Because termination of parental rights abrogates all rights, including the right to visitation, the scope of the trial court's jurisdiction was, by definition, broader than that of the divorce court. Once the trial court adjudged respondent unfit by clear and convincing evidence, and found that it was in the best interests of J.N. and D.N. to terminate respondent's rights, the trial court's entry of the termination order was proper and nullified the divorce court's visitation order.

We hold that the trial court was not obligated to yield to the divorce court's visitation order in determining whether termination of respondent's rights was appropriate. The trial court's focus must be the best interest of the child. We also hold that the trial court's placement of J.N. and D.N. in the custody of their father did not preclude the State from seeking a termination of respondent's parental rights.

The judgment of the trial court is affirmed.

Affirmed.

COOK, P.J., and MYERSCOUGH, J., concur.