No.  2--01--0515

     

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

In re
 MARRIAGE OF ) Appeal from the Circuit Court

DONALD R. RHODES, ) of De Kalb County.

) 

Petitioner-Appellee, ) 

)

and ) No. 93--D--184

)

RHONDA S. RHODES, ) Honorable

) Leonard J. Wojtecki,

Respondent-Appellant. ) Judge, Presiding.

JUSTICE GEIGER delivered the opinion of the court:

The respondent, Rhonda Rhodes, appeals from the April 10, 2001, order of the circuit court of De Kalb County declaring void the written consent to adoption executed by the petitioner, Donald Rhodes.  In this consent, Donald voluntarily relinquished his parental rights to his daughter, Ashley Rhodes.  On appeal, Rhonda argues that a trial court in a dissolution of marriage proceeding lacks jurisdiction to adjudicate the validity of a written consent to adoption executed pursuant to the provisions of the Adoption Act (750 ILCS 50/10 (West 2000)).  We conclude that the trial court did not have jurisdiction to consider the validity of the consent and vacate its judgment.

The parties were married in 1987.  The parties had two children together, Ashley, born in 1987, and Bryan, born in 1988.  On June 30, 1993, Donald filed a petition for dissolution of marriage.  On August 11, 1993, a default judgment for dissolution of marriage was entered, and Donald was awarded custody of the children.  No action was taken in the case for the next seven years.

On July 31, 2000, Rhonda filed a petition to modify custody, requesting that she be awarded custody of Ashley.  On September 18, 2000, by agreement of the parties, Rhonda was awarded temporary custody of Ashley.  On December 19, 2000, Donald executed a final and irrevocable consent to the adoption of Ashley.  The document was in the form prescribed by section 10(A) of the Adoption Act (750 ILCS 50/10(A) (West 2000)) and was acknowledged by the trial judge.  Although the record is not entirely clear, it appears that Donald executed the consent in order to allow Rhonda's boyfriend to adopt Ashley.  

On April 3, 2001, Donald filed a motion seeking a declaration that his written consent to the adoption of Ashley was invalid.  Donald alleged that Rhonda had not married her boyfriend and had not initiated any adoption proceedings.  Donald further alleged that, despite the fact that he continued to pay child support for Ashley, Rhonda had delivered a copy of the consent to Ashley's school and instructed the administration that Donald was not to be given any information regarding Ashley.  The motion requested that Rhonda be ordered to return the original consent executed by Donald, as well as all copies.

On April 10, 2001, the trial court granted the motion and declared Donald's written consent to be "void and of no effect, in as much as [Donald's] parental rights have never been terminated."  The trial court also ordered Rhonda to return the original written consent to Donald.  The trial court subsequently denied Rhonda's motion to vacate this order, and Rhonda filed a timely notice of appeal.

Rhonda's sole argument on appeal is that the trial court lacked jurisdiction to enter its order declaring Donald's written consent void and of no effect.  Rhonda argues that, because the instant action was initiated under the Illinois Marriage and Dissolution of Marriage Act (the Marriage Act)(750 ILCS 5/101 
et
 
seq.
 (West 2000)), the trial court's power to act was limited to the power conferred by that statute.  Rhonda asserts that the Marriage Act does not confer upon the trial court the power to invalidate a written consent to adoption.  In response, Donald argues that the trial court had 
in
 
personam
 jurisdiction over the parties and had jurisdiction over the subject matter pursuant to article VI, section 9, of the Illinois Constitution (Ill. Const. 1970, art. VI, §9).

The authority of a circuit court to act in dissolution of marriage cases is conferred only by statute.  
Meyer v. Meyer
, 409 Ill. 316, 319 (1951).  The Marriage Act confers only limited authority to make orders touching property division, maintenance of the parties, and the custody, care, and support of the parties' children.  See 750 ILCS 5/503, 504, 505, 601 
et
 
seq.
 (West 2000).  The issues of child visitation, custody, and support are distinct from the issue of termination, which encompasses the total severance and abrogation of all parental rights and liabilities.  
In re Grant
, 29 Ill. App. 3d 731, 735 (1975).  While the Marriage Act does grant the trial court the authority to enter orders concerning the care, custody, and support of children, the scope of that act does not include or encompass termination of parental rights.  
Patrick v. Patrick
, 59 Ill. App. 3d 11, 13 (1978).  The provisions of the Juvenile Court Act of 1987 (705 ILCS 405/1--1 
et
 
seq.
 (West 2000)) and the Adoption Act (750 ILCS 50/0.01 
et
 
seq.
 (West 2000)) are the exclusive authority by which parental rights are adjudicated and terminated.   
Patrick
, 59 Ill. App. 3d at 13.

In 
Patrick
, the trial court entered an order terminating a father's parental rights to his children as part of a dissolution of marriage proceeding.  
Patrick
, 59 Ill. App. 3d at 13.  The termination was entered by agreement of the parties.  
Patrick
, 59 Ill. App. 3d at 12.  On appeal, the reviewing court held that the trial court lacked the authority to enter the termination order in a dissolution of marriage proceeding.  
Patrick
, 59 Ill. App. 3d at 13.  The court explained:

"Since the proceedings which terminated defendant's parental rights were not conducted under the auspices of either the Juvenile Court Act or the Adoption Act and therefore the procedures outlined therein to terminate parental rights were not followed, the order terminating defendant's parental rights [was] inappropriate.  Since the proffered stipulation terminating parental rights was not executed according to statute, and did not even purport to do so, it is insufficient to support the order of the court."  
Patrick
, 59 Ill. App. 3d at 13.

Although here the trial court did not enter an order terminating one of the parties' parental rights, it did declare the written consent to adoption executed by Donald to be void and without effect.  Such an action was also beyond the scope of the statutory authority provided to the trial court under the Marriage Act.  There is no provision in the Marriage Act that gives the trial court the authority to acknowledge and adjudicate the validity of written consents to adoption.  Rather, such issues are exclusively governed by the procedures outlined in sections 10 and 11 of the Adoption Act (750 ILCS 50/10, 11 (West 2000)).  A trial court has the authority to adjudicate the validity of consents only when a proceeding has been initiated under the auspices of the Adoption Act or the party seeking to withdraw his consent has filed an independent declaratory judgment action invoking the provisions of the Adoption Act.  See 750 ILCS 50/11 (West 2000); 
Patrick
, 59 Ill. App. 3d at 13.

Donald argues that the trial court had 
in
 
personam
 jurisdiction over the parties and had subject matter jurisdiction by virtue of article VI, section 9, of the Illinois Constitution granting the circuit courts "original jurisdiction of all justiciable matters" excepting only the situations where the supreme court has "original and exclusive jurisdiction."  Ill. Const. 1970, art. VI, §9.  Donald argues that jurisdiction of subject matter is vested in the circuit courts of this state.  See 
English v. English
, 72 Ill. App. 3d 736, 741 (1979).

However, contrary to Donald's contentions, it is well settled that, where a circuit court is hearing matters relating to the dissolution of a marriage, it is not acting within the unlimited jurisdiction conferred upon it by the constitution.  
In re Marriage of Rifkin
, 114 Ill. App. 3d 555, 557 (1983); 
In re Marriage of Kekstadt
, 85 Ill. App. 3d 952, 955-56 (1980).  Rather, it is acting within the limited authority vested in it by the applicable provisions of the Marriage Act.  
Rifkin
, 114 Ill. App. 3d at 558.  Therefore, in a proceeding brought pursuant to the Marriage Act, the circuit court is without jurisdiction to enter orders relating to adoption and the termination of parental rights.

Of course, this is not to say that the circuit courts of this state are without authority to adjudicate the validity of a parent's consent to adoption.  However, to invoke the circuit court's jurisdiction over such matters, the party must initiate a proceeding that provides the trial court with the relevant statutory authority to act.  In the instant case, Donald could have filed an action for declaratory judgment pursuant to section 2--701 of the Code of Civil Procedure (735 ILCS 5/2--701 (West 2000)), invoking the provisions of the Adoption Act (750 ILCS 50/11 (West 2000)).

For the foregoing reasons, we conclude that the trial court was without jurisdiction to enter its April 10, 2001, order, and that order is hereby vacated.

Order vacated.

 McLAREN and CALLUM, JJ., concur.