No. 1-06-2130

FIRST DIVISION
Filed:  6-18-07

| | | |
|---|---|---|
| *In re* MARRIAGE OF: | ) | Appeal from the |
| SHEILA MANNIX, | ) | Circuit Court of |
| | ) | Cook County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| and | ) | No. 93 D 2984 |
| | ) | |
| DANIEL SHEETZ, | ) | Honorable |
| | ) | James G. Donegan, |
| Respondent-Appellee. | ) | Judge Presiding. |

MODIFIED OPINION UPON DENIAL OF PETITION FOR REHEARING

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

In July 2006 the circuit court of Cook County found that Brian Sheetz, a minor, was the child of the marriage of petitioner Sheila Mannix and respondent Daniel Sheetz, and declared respondent the father of the child.  Petitioner appeals from the trial court's decision, arguing that the circuit court had no jurisdiction to hear this matter, and its order therefore should be vacated.  For the reasons set forth below, we affirm the judgment of the circuit court.

BACKGROUND   .

Petitioner and respondent were married in 1989 and divorced in 1993.  During their marriage, they had one child, Kevin.  The judgment for dissolution of marriage, which was dated March 12, 1993, stated: "[n]o children were adopted by the parties and the petitioner is not now

pregnant." Seven months later (October 20, 1993), after the dissolution of the marriage, petitioner gave birth to Brian. Respondent was listed as the father on Brian's birth certificate, which was signed by both petitioner and respondent.

According to an affidavit of petitioner dated July 7, 2005, she began postdivorce litigation in May 2000 to address, among other things, respondent's "non-compliance with the basic parental financial obligations of the 1993 Judgment for Dissolution of Marriage." As an apparent part of this litigation, petitioner filed a petition in the circuit court of Cook County seeking an increase in child support. On June 14, 2001, the court entered an order directing, *inter alia*, that respondent's child support obligation be "increased to the sum of $1000.00 monthly, commencing on July 1, 2001 and continuing on the first day of each month thereafter until *the younger child Brian* attains the age of majority or completes high school, whichever shall last occur." (Emphasis added.)

In March 2005, during a hearing before the circuit court, the attorney who had been appointed child representative informed the court that the "second child" (Brian) "was not covered by the [1993] judgment [for dissolution of marriage]." During a subsequent hearing, the court informed petitioner, counsel for respondent, and the child representative that a judicial determination of paternity with regard to Brian "may have to be done somewhere along the proceedings here so we can get this standing for this child."

On January 13, 2006, petitioner, acting *pro se*, filed a verified petition to determine parent-child relationship in the circuit court of Lake County. In her petition, which was brought pursuant to the Illinois Parentage Act of 1984 (Parentage Act) (750 ILCS 45/1 *et seq*. (West

2

2004)), petitioner sought, *inter alia*, "[a] judgment declaring the existence of a parent-child relationship in regard to the minor child, B.S.S. [Brian], declaring that plaintiff is the mother of B.S.S. and further declaring that defendant [Daniel Sheetz] is the father of B.S.S." Petitioner asserted in her petition that respondent was the father of Brian and that she and respondent were married to each other on the date of Brian's conception. Petitioner stated, in addition, that: (1) at the time of the (March 12, 1993) dissolution of their marriage, Brian "was not born, and not known to plaintiff to be in expectancy," and (2) the judgment for dissolution of marriage contained no findings, including custody provisions, concerning Brian. According to petitioner, the circuit court of Cook County made no subsequent determinations regarding Brian's custody or parentage. Petitioner added that, since Brian's birth in October 1993, the child had "resided with and been in [petitioner's] lawful custody" but that, on October 31, 2005, pursuant to an order of the circuit court of Cook County in case No. 93 D 2984 (the couple's dissolution of marriage action), temporary custody of Brian was transferred to respondent. Petitioner alleged that, absent any previous determinations regarding Brian's custody or parentage, the circuit court lacked jurisdiction to transfer custody of Brian to respondent. Petitioner asked that she be awarded temporary and permanent custody of Brian and that respondent be ordered to return Brian to her custody "immediately."

On March 30, 2006, the circuit court of Cook County granted respondent leave to file a petition to determine Brian's paternity. In its order, the court stated:

"Leave is granted Daniel Sheetz within 28 days to file petition for court order that sets the paternity of Brian Sheetz, the child of the parties[,] and Daniel Sheetz affirms that

he is the father of child Brian Sheetz[,] and leave [is granted] to attach [petitioner's] pleading in Lake County which admits [respondent] is Brian's father. This is a ministerial act as the parties and the pending matter acknowledge said parenthood."

In his amended petition to establish paternity, respondent sought "an order making the determination that the Respondent is the natural father of BRIAN SHEETZ." Respondent pointed to section 5 of the Parentage Act, which states, in pertinent part:

"A man is presumed to be the natural father of a child if:

(1) he and the child's natural mother are or have been married to each other, even though the marriage is or could be declared invalid, and the child is born or conceived during such marriage." 750 ILCS 45/5(a)(1) (West 2004).

Respondent noted in his amended petition that he and petitioner were married at the time Brian was conceived. Respondent alleged that, "[f]rom the time of the birth of BRIAN both parties have recognized that the Respondent was the father of BRIAN." Respondent added: "[a]t no time during the last twelve (12) years has the Petitioner ever questioned the paternity of BRIAN." Attached to respondent's petition were, *inter alia*, (1) a copy of Brian's birth certificate, signed by respondent and petitioner, listing respondent as the father; (2) the June 14, 2001, circuit court order setting, according to respondent, "child support for both children"; (3) a copy of petitioner's March 2005 response to a request from respondent to admit facts, in which petitioner admitted that "[t]wo minor children," Kevin and Brian, were born to her and respondent; and (4) a copy of petitioner's verified petition to determine parent-child relationship,

4

filed in Lake County, in which, according to respondent, petitioner "admits that the Respondent is the natural father of BRIAN."

Petitioner filed a *pro se* motion to dismiss respondent's amended petition to establish paternity, along with written argument in support of the motion. Petitioner subsequently filed a *pro se* document titled "Petitioner Sheila Mannix's Affirmative Defenses To Respondent Daniel Sheetz's 'Amended Petition To Establish Paternity.'" In these pleadings, petitioner advanced two main arguments. First, she contended that the circuit court had no subject matter jurisdiction or authority (under the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/101 *et seq.* (West 2004))) to modify the parties' previous judgment for dissolution of marriage by determining Brian's parentage. Petitioner noted that (1) Brian was "not in existence" at the time the judgment for dissolution of marriage was entered, (2) this judgment made no mention of Brian, and (3) the judgment for dissolution of marriage did not reserve jurisdiction to make any parentage determination regarding Brian. Petitioner argued further that, since the Marriage Act (according to petitioner) did not confer jurisdiction in this matter, any action to determine Brian's parentage must be brought under the Parentage Act of 1984 (750 ILCS 45/1 et seq. (West 2004)) rather than the Marriage Act. According to petitioner, respondent's amended petition to establish paternity was instead brought (under the Marriage Act) as a postjudgment motion with respect to the parties' 1993 judgment for dissolution of marriage.

Petitioner argued, in addition, that respondent's petition to establish paternity was barred by her prior petition to determine a parent-child relationship filed in Lake County. Petitioner pointed to section 2-619(a)(3) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(3)

(West 2004)), which provides, in pertinent part, that a defendant may file a motion for dismissal on the ground "[t]hat there is another action pending between the same parties for the same cause." Petitioner asserted that her Lake County petition and respondent's Cook County petition involved the same parties for the same cause. Petitioner contended that respondent's petition should be dismissed.

On May 19, 2006, the Cook County circuit court denied petitioner's motion to dismiss respondent's parentage action. During the proceedings just prior to this denial, the court stated that respondent's amended petition to establish paternity was not brought under the Parentage Act. According to the court, it was filed "under the petition to establish that the child born after the divorce, conceived before the divorce, is a child of this relationship."

Prior to May 31, 2006, respondent moved in the circuit court of Lake County to transfer venue to Cook County with regard to petitioner's Lake County petition to determine a parent-child relationship. Respondent also moved to dismiss this petition. On May 31, 2006, the Lake County circuit court denied respondent's motion to dismiss, but granted his petition to transfer venue to Cook County. However, it does not appear from the record that petitioner's Lake County petition was ever docketed in Cook County, or that it was consolidated with case No. 93 D 2984, the parties' action for dissolution of marriage in Cook County.

On July 25, 2006, the Cook County circuit court entered an order concluding, among other things, that Brian Sheetz was "a child of the [parties'] marriage having been conceived during the marriage, though born after the dissolution." The court declared Brian the child of

6

respondent Daniel Sheetz. In its order, the court incorrectly stated that petitioner's Lake County parentage case had been "consolidated herein."

On July 31, 2006, petitioner filed a notice of interlocutory appeal pursuant to Supreme Court Rule 306(a)(5) (210 Ill. 2d R. 306(a)(5)), and a petition for leave to appeal pursuant to Rule 306(a)(5). On September 7, 2006, this court granted the petition for leave to appeal.

ANALYSIS

We note, initially, that respondent failed to file an appellee's brief in this case. In such a circumstance, a court of review has essentially two choices. "When the record is simple, and the claimed errors are such that this court can easily decide them on the merits without the aid of an appellee's brief, this court should decide the appeal on its merits." *Plooy v. Paryani*, 275 Ill. App. 3d 1074, 1088 (1995). "Otherwise, if the appellant's brief demonstrates prima facie reversible error and the contentions of the brief find support in the record, the judgment of the trial court may be reversed." *Plooy*, 275 Ill. App. 3d at 1088, citing *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

In the underlying proceedings relevant to this appeal, petitioner appeared, for the most part, *pro se*. As a result, portions of the transcript of proceedings are somewhat confusing. Moreover, the claims at issue are not as easily decided as they might be, given the absence of an appellee's brief. Nevertheless, we conclude that the record and the issues before us are clear enough that the appeal should be decided on its merits.

Petitioner argues that the standard of review for this interlocutory appeal is *de novo*. Petitioner acknowledges that, "in an interlocutory appeal, the scope of review is normally limited

to an examination of whether or not the trial court abused its discretion in granting or refusing the requested interlocutory relief." *In re Lawrence M.*, 172 Ill. 2d 523, 526 (1996). However, petitioner asserts that, where the question presented is one of law, a reviewing court determines it independently of the trial court's judgment. *Lawrence M.*, 172 Ill. 2d at 526. According to petitioner, the appeal at bar presents "a question of law only," and the standard of review therefore is *de novo*. We agree.

## Jurisdiction

Petitioner argues on appeal, as she did below, that the circuit court in the case at bar lacked authority, in a proceeding under the Marriage Act, to determine the parentage of Brian (a determination which, according to petitioner, should be made under the Parentage Act). Specifically, petitioner argues: (1) "there is no statutory authority in the [Marriage Act] which grants the circuit court the power to hear parentage proceedings in post-judgment matters,"[1] and (2) "[t]here is no provision in the Parentage Act which confers authority on the trial court in the instant case to make a parentage determination" where, as in the case at bar, the child was "not in existence" at the time the judgment for dissolution of marriage was entered, and the child was "born out-of-wedlock post judgment to [respondent's] former spouse and said parties never remarried."

---

[1] With no citation to authority, petitioner asserts that there is an exception where "a judgment reserv[es] a parentage issue," but adds that this exception "is not relevant to the present case."

In discussing the Parentage Act, petitioner makes no mention of section 9, which deals with jurisdiction. Section 9(a) states, in pertinent part:

"The circuit courts shall have jurisdiction of an action brought under this Act. In any civil action not brought under this Act, the provisions of this Act shall apply if parentage is at issue." 750 ILCS 45/9(a) (West 2004).

This provision contemplates that parentage issues will be raised in civil actions not brought under the Parentage Act. In such instances, section 9(a) directs, the provisions of the Parentage Act "shall apply."

In the case at bar (if respondent's petition was not brought under the Parentage Act), this is precisely what occurred. Respondent's petition pointed to section 5(a)(1) of the Parentage Act, which provides:

"(a) A man is presumed to be the natural father of a child if:

(1) he and the child's natural mother are or have been married to each other, even though the marriage is or could be declared invalid, and the child is born *or conceived* during such marriage." (Emphasis added.) 750 ILCS 45/5(a)(1) (West 2004).

Attached to respondent's petition was a copy of petitioner's verified petition to determine a parent-child relationship which she filed in Lake County. In her petition, petitioner stated: "The plaintiff [petitioner] and the defendant [respondent] were married to each other on the date of the conception of the minor child, B.S.S. [Brian]." In this assertion, petitioner admitted that Brian was conceived during her marriage to respondent. The same assertion was made by respondent in his verified amended petition to establish paternity. Accordingly, the presumption of paternity

9

set forth in section 5(a)(1) arose. This presumption "may be rebutted only by clear and convincing evidence." 750 ILCS 45/5(b) (West 2004). Elsewhere in her Lake County parentage pleading, petitioner made another admission: "Defendant Daniel Sheetz is the father of the minor child, B.S.S. [Brian]."

In declaring respondent the father of Brian, the circuit court of Cook County applied the provisions of section 5(a)(1) of the Parentage Act. In its order of July 25, 2006, the court stated: "the court having found that [Brian] is a child of the marriage, having been conceived during the marriage, though born after the dissolution, the said child is the child of Daniel Sheetz, his father." See *In re Marriage of Allen*, 265 Ill. App. 3d 208, 212 (1994) ("The provisions of the [Parentage] Act apply to all cases to determine paternity, whether brought under that statute or not").

Notwithstanding the foregoing, petitioner contends that the circuit court in the case at bar lacked authority to determine Brian's parentage. In support, petitioner points to *In re Marriage of Rhodes*, 326 Ill. App. 3d 386 (2001). In *Rhodes*, the parties (Donald and Rhonda) had two children, Ashley and Brian, during their six-year marriage, which was dissolved in 1993. In 2000, Donald executed a written consent to the adoption of Ashley. Donald subsequently moved for a declaration that this consent was invalid. The trial court granted the motion, declaring the consent void and of no effect On appeal, Rhonda argued that the trial court lacked jurisdiction to enter this order. Rhonda noted that the instant action was initiated under the Marriage Act, which, Rhonda argued, did not authorize the trial court to invalidate a written consent to adoption. This court agreed, concluding that written consents to adoption were exclusively

governed by the Adoption Act. *Rhodes* held that the trial court lacked jurisdiction to enter its order, which was vacated.

Petitioner's reliance on *Rhodes* is misplaced. *Rhodes* discusses the Adoption Act and, tangentially, the Juvenile Court Act. However, it makes no mention of the Parentage Act, or of section 9(a) of that Act, which provides that, "[i]n any civil action not brought under this Act, the provisions of this Act shall apply if parentage is at issue." 750 ILCS 45/9(a) (West 2004). *Rhodes* is distinguishable from the case at bar.

We reject petitioner's argument that the circuit court lacked jurisdiction to hear respondent's amended petition to establish paternity. We note that, in keeping with section 9(a) of the Parentage Act, the court in the case at bar applied the provisions of section 5(a)(1) of the Parentage Act in rendering its decision.

Prior Pending Action

In her brief to this court, petitioner does not argue, as she did below, that respondent's amended petition to establish paternity is barred, pursuant to section 2-619(a)(3) of the Code, by petitioner's prior action in Lake County to determine parentage. Section 2-619(a)(3) (735 ILCS 5/2-619(a)(3) (West 2004)) provides that a defendant may move for dismissal on the ground "[t]hat there is another action pending between the same parties for the same cause." We note that, while section 2-619(a)(3) provides for a motion to dismiss on this ground, such dismissal is not mandatory. "Even if the threshold 'same parties' and 'same cause' requirements are met, section 2-619(a)(3) relief is not mandatory." *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780, 785 (1998).

No. 1-06-2130

Though petitioner does not raise this section 2-619(a)(3) argument in the instant appeal, she nevertheless points to the trial court's statement, in its order of July 25, 2006 (declaring parentage), that petitioner's parentage action in Lake County "was consolidated herein." Petitioner emphasizes that this statement indicating that her Lake County action was consolidated with the case at bar "is not true." We have already noted that this statement was in error. However, given that relief under section 2-619(a)(3) is not mandatory, as well as petitioner's failure to advance the section 2-619(a)(3) argument in this appeal, we conclude that, for purposes of our decision here, this error is *de minimis* and of no effect regarding our judgment.

In sum, the circuit court correctly declared respondent the father of Brian. Our conclusion in this regard is bolstered by the parties' admissions that Brian was conceived during their marriage (thereby invoking the section 5(a)(1) presumption of paternity) and petitioner's admissions and respondent's acknowledgment that respondent was the father of Brian.

CONCLUSION

The judgment of the circuit court declaring respondent the father of Brian is affirmed.

Affirmed.

CAHILL and GARCIA, JJ., concur.

12